(No. 14935.—Appeal dismissed.)
MAX CHECHIK, Appellee, vs. SARAH KOLETSKY et al.
Appellants.

*Opinion filed December 19, 1922.*

1. APPEALS AND ERRORS—*when decree for a conveyance is not final and appealable.* A decree finding that the complainant is entitled to a conveyance of certain premises by the defendant upon the payment by the complainant of certain sums of money, with interest to be thereafter ascertained, and ordering that the cause be referred to a master to report as to the amount which should be paid, and further ordering that the court retain jurisdiction until the coming in of said report, does not terminate the litigation and is not final and appealable.

2. SAME—*a decree containing nothing but a recital of certain findings is not an adjudication.* The recital of certain findings in a decree corresponds to the verdict of a jury, which decides nothing until the judgment is entered upon it, and nothing is decided by the recitals in a decree until the questions at issue are adjudicated in the ordering part of the decree.

3. SAME—*when a decree is not final.* A decree cannot be said to be final where it is impossible for the party in whose favor the decision is made to obtain any benefit therefrom without again setting the cause down for hearing upon a certain matter reserved for the coming in and confirmation of the report of the master, to whom it is referred to ascertain certain facts which are absolutely necessary to be ascertained before the case is finally determined by the court or which the chancellor thinks proper to be ascertained before granting relief.

APPEAL from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

WILLIAM FELDMAN, for appellants.

JOSEPH G. SHELDON, for appellee.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Appellee filed his bill in the circuit court of Cook county praying that a decree be entered declaring that appellant Sarah Koletsky was holding certain property in the city of

Chicago in trust for appellee. The cause was referred to a master in chancery, who heard evidence and filed his report recommending that a decree be entered in accordance with the prayer of the bill. The chancellor entered a decree finding, among other things, that appellee is entitled to a conveyance of the premises to him by appellants upon the payment by appellee of certain sums of money with interest to be thereafter ascertained, and ordering that the cause be referred to a master in chancery "for the purpose of his taking proof and reporting his conclusions as to the exact amount which should be paid by the complainant to the said defendant Sarah Koletsky in order to entitle him to a conveyance of said premises by the said Sarah Koletsky and Daniel Koletsky, her husband, in accordance with the provisions contained in this decree," and further ordering that the court retain jurisdiction until the coming in of the report of the master, for the purpose of entering further orders. This appeal is prosecuted to review that decree.

This decree does not terminate the litigation on the merits of the case but retains the cause for the future determination of matters of substantial controversy between the parties and is therefore not final and appealable. (Fletcher's Equity Pl. & Pr. sec. 700; *DeGrasse* v. *Gossard Co.* 236 Ill. 73; *Rosenthal* v. *Board of Education,* 239 id. 29; *McGourkey* v. *Toledo and Ohio Central Railway Co.* 146 U. S. 536, 13 Sup. Ct. 170.) The recital of certain findings in a decree does not adjudicate anything. These findings correspond to the verdict of a jury. Nothing is decided by the verdict until a judgment is entered on it, and so nothing is decided by the recitals in a decree until the questions at issue are adjudicated in the ordering part of the decree. (*Weberpals* v. *Jenny,* 300 Ill. 145.) In *Hunter* v. *Hunter,* 100 Ill. 519, the court decreed on the verdict of a jury that complainant was entitled to separate maintenance from defendant but the decree did not find the amount to be paid. The court retained jurisdiction of the cause to hear

evidence and determine the amount to be paid for the separate maintenance. This court held that such a decree was not final and that no appeal would lie until a decree was entered definitely settling all of the rights of the parties with respect to the matters in controversy. In *Gray* v. *Ames,* 220 Ill. 251, a decree was entered providing that complainant was entitled to the relief sought, and directing that the real estate in question be conveyed by defendant upon delivery to him of certain property and a certain amount of money to be ascertained by the master. In discussing the question whether the decree was final this court said: "While it is true the basis upon which the account was to be stated was stated in that decree, yet it was impossible, from the very nature of the unascertained account, to fully and definitely decree an absolute specific performance of the alleged contract. The decree was not complete in itself and required further judicial action on the part of the chancellor to give it effect to grant the relief sought. The reference to the master was not for the purpose of executing or carrying out the decree but to ascertain facts upon which the final decree was to be based. If no other action had been taken after the rendition of that decree it would have been of no avail to appellee. She could not have enforced it because it was not complete in itself. In other words, it did not determine all of the equities in the case but left some of them to be subsequently judicially determined upon the master's statement of the account." What is there said is especially applicable to the decree before us. A decree cannot be said to be final where it is impossible for the party in whose favor the decision is made to obtain any benefit therefrom without again setting the cause down for hearing before the court upon the part reserved upon the coming in and confirmation of the report of the master to whom it is referred to ascertain certain facts which are absolutely necessary to be ascertained before the case is finally determined

by the court or which the chancellor thinks proper to have ascertained before he grants relief to the complainant.

This court is without jurisdiction to hear this appeal, and it is therefore dismissed.    *Appeal dismissed.*