Eugenia Iczek, Appellant, v. Felix Iczek, Appellee.

Gen. No. 48,968.

First District, Third Division.
June 26, 1963.

Wayne & LeVine, of Chicago, for appellant.

■■■■■■

Stanley Stoller, of Chicago (Howard C. Goldman and Edward E. Kane, of counsel), for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

Eugenia Iczek filed a petition in this court asking leave to appeal from certain orders entered in the Superior Court of Cook County. One order, entered October 16, 1961, denied her petition to vacate the decree entered November 4, 1959. The other order, entered November 2, 1961, denied her amended petition to vacate the decree. The petition for leave to appeal was granted.

From the record it appears that on December 5, 1958 Eugenia Iczek, hereinafter referred to as the plaintiff, filed a complaint against Felix Iczek, hereinafter referred to as the defendant, praying for a divorce on the ground of cruelty, for temporary and permanent alimony, and for attorney's fees, and alleging that the parties were joint owners of income producing real estate. The defendant filed an answer to the complaint admitting that the parties were owners in joint tenancy of certain real estate, and alleging that he bought and improved the property with his own money. He denies the charges of cruelty alleged in the complaint, and alleges that the plaintiff deserted him without cause. On April 1, 1959 an order was entered giving defendant leave to file an amended answer and counterclaim within twenty days and granting the plaintiff an additional twenty days to plead. In that answer he denies the allegation of cruelty, states that he is out of work, and charges that the plaintiff committed adultery. In the counterclaim he alleges that the plaintiff committed adultery, that she became pregnant and had an abortion, and that she deserted their home in August 1958 without just cause or excuse. He further alleges that the plaintiff con-

242

tributed nothing toward the purchase of the property and that all the money used in its purchase belonged to the defendant. He further states that the plaintiff is gainfully employed and asks that all orders for temporary support, etc., be postponed until the final hearing. He prayed that he be granted a divorce, that the plaintiff be divested of all interest in the real estate, and that she be denied alimony, attorney's fees and costs, and "for such other and further relief as his case may require."

Defendant on May 13, 1959 filed a notice, dated April 1, 1959, to take plaintiff's discovery deposition, and on May 13, 1959 the defendant filed a request, dated April 2, 1959, for eight admissions of facts. On May 8th the defendant served notice on counsel for plaintiff that he would appear in court on May 13th and present a motion asking that the order of support be vacated since he had lost his employment. (The record shows no order of support.) In that notice he also stated that he would ask the court on the same day that an appropriate order be entered to compel the plaintiff to answer interrogatories, to reply to the admissions of facts requested, and to direct her to appear for a discovery deposition. The defendant had filed a request for eight admissions of facts and had directed to the plaintiff twenty-seven written interrogatories. An order was entered May 13, 1959 to the effect that the plaintiff answer the questions she "feels she wants to answer and file objections to those she refuses to answer within 10 days," and the same order was entered on the request for admissions. On June 15, 1959 the court entered an order that all payments by the defendant to the plaintiff be stopped nunc pro tunc as of March 25, 1959 and that the support order of $25 be vacated.

The next motion is the one which causes the difficulty in the case. The notice, as it appears in the

243

record, bears a filing date of October 13, 1959, is addressed to the attorney for the plaintiff, and is in part in words and figures as follows:

"Please take notice that on the 8th 13th day of July Oct A.D. 1959 at 10:00 a. m., or as soon thereafter as this motion may be heard, I shall appear before his honor, Judge Thad Adesko John Sbarbaro Rm 905 in the room usually occupied by him as a courtroom in the Courthouse, No. 100 to 148 North Clark Street, in the City of Chicago, or, in his absence, before any other judge, who may be sitting in his place and stead, and then and there Room 835

 (a) present the motion of the undersigned that Move for an order under Supreme Ct Rule 19–12, etc.

 (b) present a petition, a copy of which is herewith served upon you, at which time and place you may appear if you so desire.

/s/ Stanley Stoller
Attorney for Def and Counter-Plaintiff." [1]

On the back of that notice the following appears:

"STATE OF ILLINOIS }
COUNTY OF COOK } ss.

Stanley Stoller being first duly sworn, deposes and says that he served the within notice and petition therein referred to upon Atty Leon Kupeck by mailing copy of the same to said Atty for the Plaintiff and ——— on the 1st day of

---

[1] From the copy of the notice appearing in the record it is apparent from the material crossed out that the notice had originally been prepared for hearing on the 8th day of July before Judge "Thad Adesko."

244

July A.D. 1959 at 5:00 o'clock p. m. at Mail Box 1608 Milwaukee Av. Chicago, 19—.

/s/ Stanley Stoller"

Below the signature of Stanley Stoller appears the following:

"Subscribed and sworn to before me this 1st day of July A.D. 1959.

Notary Public."

No signature of a notary public appears on the notice.

On October 13, 1959 a petition was filed by defendant alleging service of written interrogatories and the request for admissions of facts, alleging that the motion judge entered an order directing plaintiff to answer his request for discovery, and further alleging that two notices for discovery depositions were served on counsel for plaintiff and disregarded. It further alleges that "the conduct of the Plaintiff is Contempuous [sic] and that she should be punished under the Rules," prays that the complaint be stricken and a default entered on the counterclaim for failure to comply with the rules for discovery, and asks for attorney's fees. This petition is dated July 1, 1959, is signed by the defendant, and sworn to by defendant's attorney on July 1, 1959. On the basis of this notice and petition on October 13, 1959 Judge Sbarbaro entered an order that the motion for relief under Rule 19–12 is entered and "ctd" for ten days, and that hearing on the motion is set for October 27, 1959 at 9:30 a. m. on the set call.

On October 27, 1959 Judge Sbarbaro entered an order sustaining the motion to strike the complaint and adjudging that counterdefendant is in default. By an-

■■■■

other order entered the same day the court allowed Stanley Stoller $300 as attorney's fees, payable within thirty days, for legal services in connection with plaintiff's refusal to appear for oral interrogatories or to answer written interrogatories. On October 27, 1959 Judge Sbarbaro also entered the following order:

"The requisite affidavit having been filed, and due notice of the pendency of this suit having been given to the counterdefendant, Eugenia Iczek, by Filing of Complaint, which notice in manner and content was in all respects as required by law and her having failed to file answer or otherwise make appearance herein, the said defendant is adjudged in default and it is ordered that the complaint herein be taken as confessed against the said defendant."

The court held an ex parte hearing on November 4, 1959. In the transcript of the proceedings at that hearing the following appears: "Present: Mr. Stanley Stoller appeared on behalf of Counter-Plaintiff; Mr. Leon A. Kupeck appeared of record on behalf of Counter-Defendant." The court found in favor of the counterplaintiff, and on November 4, 1959 entered a decree of divorce. That decree in part states:

"This cause coming up for hearing on the counterclaim and it appearing to the court that the counterdefendant, EUGENIA ICZEK, has appeared in person by the filing of her Complaint; that on October 27, 1959 said counterdefendant was defaulted for failure to answer the counter-complaint, and by virtue of her persistent violations of Supreme Court Rule 19–12 in failing to submit to oral interrogatories before a Notary Public in pursuance to notice thereof, and in refusing to answer written interrogatories submitted by the counterplaintiff in accordance with

246

the rules, and the court having heard the evidence and the witnesses in open court, and being fully informed by certificate of evidence filed herein, does find . . . ."

The decree ordered that the plaintiff pay the $300 attorney's fees ordered October 27, 1959, and also an attorney's fee of $500, within 90 days, together with costs. It also decreed the title to the real estate held in joint tenancy to be solely in the defendant, and directed the plaintiff to execute a quitclaim deed and deliver it to the defendant within three days divesting herself of all interest in the real estate, and that in case she should fail to comply with this direction then the cause shall be referred to a designated master in chancery for the purpose of executing deeds and other documents in the name and stead of the plaintiff.

On October 6, 1961 two attorneys served notice on behalf of the plaintiff that they would appear before Judge David A. Canel on October 16th and present a petition. In that petition the plaintiff alleged under oath, among other things, that at the time the decree was entered and since the filing of the case she was represented by attorney Leon Kupeck; "that neither she nor Attorney Kupeck had any knowledge at that time of the entry of the Order of Default and the subsequent entry of the Decree"; that neither she nor Kupeck ever received a copy of the notice of motion advising them that defendant would appear and ask for an order of default because of her failure to answer the counterclaim. She further alleges that a purported notice of motion was filed in court; that said notice was allegedly served by mailing a copy to Kupeck on July 1, 1959 stating that a hearing would be held October 13, 1959; that Stoller and Kupeck had frequently met during this period; that she has been advised that at no time was any mention made of the

notice of motion or the contemplated entry of the order of default; that in July of 1960 an examination of the court files revealed the fact that a decree for divorce had been entered against her; that she thereupon discharged Kupeck and attempted from that time to engage various attorneys but because of financial difficulties was unable until August 1961 to engage counsel. She further alleges that she is foreign born, has resided in this country a comparatively brief period and is "unfamiliar with this nation's language, customs and procedures." She further alleges that the testimony in the trial was false, fraudulent and of a hearsay character, and which, had she or her counsel been present, would properly have been excluded. She prayed that the decree entered on November 4, 1959 be vacated and she be given leave to file an answer to the counterclaim.

On October 16, 1961 a motion to strike the petition, signed by Stanley Stoller and sworn to by defendant, was filed in the court. The motion alleges that the petition is not a proper petition under section 72 of the Civil Practice Act and that the petitioner is guilty of laches. The motion further alleges that in March 1959, in accordance with the requests for discovery made to her counsel as well as written notices delivered to him, he (her counsel) promised to have her appear for a discovery deposition and to answer the written interrogatories and requests for admissions of facts; that the defendant petitioned the court to enter a rule on the plaintiff to comply with the court order that she submit to discovery and give evidence under the rules of court; that Kupeck "appeared in court on two or three occasions and each time asked for a continuance, alleging that he needed time to contact his client who was uncooperative"; that when the matter came up after three or four continuances on the petition filed in July 1959, the court defaulted

248

the plaintiff under rule 19–12, and her complaint was stricken. (There is nothing in the record showing a filing of any petition in July 1959, nor is there any record of any continuances on that petition.) The motion also asked for attorney's fees.

In his order entered on October 16, 1961 the trial judge stated that the petition should be stricken, and then denied with prejudice the petition to vacate the decree entered November 4, 1959, and entered judgment in favor of the defendant against the plaintiff for $800.

The same attorneys for plaintiff served notice that on November 2, 1961 they would appear before the trial judge and present a petition. An amended petition of the plaintiff was filed November 2, 1961. It reiterated the allegations contained in the former petition and further alleged that the transcript of the trial of the case states that attorney Kupeck was present at the time, whereas in fact he was not present. The trial court entered an order on November 2, 1961 which stated that after an examination of the court file he finds the decree entered on November 4, 1959 is valid, and he again denied with prejudice the motion to vacate that decree. A subpoena had been issued to attorney Leon Kupeck to appear in court, and at the time he was present but he was not called to testify.

It is axiomatic that on review this court can only hear and determine the case on the record before it. 2 ILP Appeal and Error, sec 511, and cases cited. The reviewing court will not consider matters not properly made a part of the record although they otherwise appear. 2 ILP Appeal and Error, sec 514; Chicago Portrait Co. v. Chicago Crayon Co., 118 Ill App 98. The hard core of the case before us is whether or not the plaintiff was given proper notice before

■■■■■

the entry of the default and the hearing subsequent thereto.

Rule 2.1 of the Rules of the Circuit and Superior Courts of Cook County which were in effect at the time that the plaintiff was defaulted provided in part:

"(a) Notice required. Except in actions appearing on the daily trial call or during the course of trial, written notice of the hearing of all motions shall be given to all parties who have appeared and have not theretofore been found by the court to be in default for failure to plead . . . .

"(b) . . .

"(c) Manner of service. Notice shall be given in the manner and to the persons described in Supreme Court Rule 7."

Supreme Court Rule 7 provided that notices may be served by depositing them in a United States post office box enclosed in an envelope plainly addressed to the attorney at his business address, or to the party at his business address or residence, with postage fully prepaid. The Rules of the Circuit and Superior Courts further provide that if notice is given by mail, the notice shall be deposited in a United States post office or post office box on the third court day preceding the hearing of the motion.

The notice upon which the trial court relied in entering the default orders of October 27, 1959 was not in any way a substantial compliance with the rule of court. In Bernier v. Schaefer, 11 Ill2d 525, 144 NE2d 577, the question was raised as to whether or not the defendant had received a notice which the plaintiff claimed to have mailed on a certain date regarding his intention to seek a default decree. In that case the court held that there was no denial that the plaintiff had sent such a notice and that the affidavit of serv-

ice, while not strictly following the wording of the rule, was substantially in compliance therewith. The petition filed in the instant case by the plaintiff stated sufficient facts to require the trial court to grant relife under section 72 of the Civil Practice Act.

In Moore v. Jones, 12 Ill App2d 488, 140 NE2d 387, we discussed a somewhat similar question, and in that case we said: "The plaintiff questions the power of the court to set aside a default judgment after 30 days on the showing made in defendant's motion and affidavits. . . ." We cited and quoted from Paramount Paper Tube Corp. v. Capital Engineering & Mfg. Co., 11 Ill App2d 456, 138 NE2d 81, wherein we discussed Lichter v. Scher, 4 Ill App2d 37, 123 NE2d 161, and Ellman v. DeRuiter, 412 Ill 285, 106 NE2d 350, and said: "Other points are made by plaintiff and cases cited in support, but they are so inconsonant with the views expressed by the court in the Ellman case that we can no longer consider them persuasive." In the Moore case we reversed the order denying the motion to vacate the judgment. In Admiral Corp. v. Newell, 348 Ill App 180, 108 NE2d 521, the court again. followed the rule laid down in Ellman v. DeRuiter. The appearance which had been filed in the case did not state the address of the attorney at which the notice of motion could be served in person or to which it could be mailed. The plaintiff mailed a notice to the attorney but the affidavit of service did not disclose any address to which the notice was mailed nor contain any recital that postage was paid. The court held that the proof of service was not in compliance with the rules of court and said:

> "However, when one seeks a judgment by default, which could result in the seizure of property, and in the instant case involved garnishment of a bank account, it is imperative that substantial compliance be had with the rules men-

251

tioned as to notice for a default and judgment. It is clear to us that had the court been apprised, at the time it entered judgment by default, of the failure of compliance with the rules referred to in the service of the notice for such a judgment, it would not have entered the judgment. Under these circumstances, defendant's motion in the nature of a writ of error coram nobis should afford the relief sought and is fully justified by the rule announced in Ellman v. DeRuiter, 412 Ill 285 . . . ."

In In re Estate of Hoyman, 27 Ill App2d 438, 170 NE2d 25, we reversed an order of the trial court denying defendant's petition to vacate an order of the Probate Court of Cook County. In the opinion we cited and quoted from Widucus v. Southwestern Elec. Cooperative, 26 Ill App2d 102, 167 NE2d 799, where the court said:

"History will reveal that the courts of Illinois have been liberal in setting aside defaults entered at the same term, and that where there has been no trial on the merits, the courts' discretion is usually exercised in favor of granting the motion."

The same rule can be said to apply when the motion to vacate a default is brought under section 72 of the Practice Act. Also see McKeon v. McKeon, 4 Ill App 2d 515, 124 NE2d 564.

In the instant case there was not proper proof that any notice of a motion to default the plaintiff and counterdefendant was served upon her. Apparently the order of default is based in part upon plaintiff's failure to file an answer to the counterclaim. However, the defendant had by order of court obtained leave to file an amended answer and counterclaim in twenty days, and in the same order a rule was entered upon the plaintiff to answer the counterclaim within

twenty days thereafter. The defendant did not file his counterclaim within the time limited by the order. No subsequent order was entered upon the plaintiff to answer the counterclaim. In Walter Cabinet Co. v. Russell, 250 Ill 416, 95 NE 462, where the plaintiff was defaulted for failure to file a defense to a setoff, the court said:

> "Still less ground is there for holding the plaintiff in default where the defendant's statement of set-off has been filed after the time limited by the rule and without leave of the court. After the expiration of the rule the defendant had no right to plead without special leave of the court, and neither the court nor the plaintiff was required to recognize in any way the statement of claim thus placed among the papers in the cause without authority of law. Robb v. Bostwick, 4 Scam 115; Flanders v. Whittaker, 13 Ill 707; Davis v. Lang, 153 id. 175."

Also see Farmer v. Fowler, 288 Ill 494, 123 NE 550. Neither was there sufficient proof that any notice was given to the plaintiff or her attorney of the filing of the petition on October 13, 1959, which asked for sanctions against the plaintiff for her disregarding "two notices for discovery depositions." This is the petition which was dated July 1, 1959, signed by the defendant, and sworn to by the defendant's attorney on July 1, 1959.

Furthermore, the allegations in both petitions that neither the plaintiff nor Kupeck knew about the order of default or the decree until July 1960 means that she was not requested to execute the deed to the property as provided in the decree. In Hodge v. Stigall, 20 Ill App2d 45, 155 NE2d 330, the court said:

> "Furthermore, assuming the truth of the affidavit plaintiff should not have proceeded, three

253

days after the default decree, to get a Master's deed without first having made a demand for a deed on defendants. Ellman v. De Ruiter, 412 Ill 285; Jacobson ▪Ashkinaze, 337 Ill 141."

In Lusk v. Bluhm, 321 Ill App 349, 53 NE2d 135, the court discussed the right to have a default judgment set aside thirty days after the judgment had been entered. In that case the court said:

"If the default and judgment were entered without due notice to the attorney for George Meyer, who had duly and regularly filed his appearance, and facts exist which are not apparent on the face of the record, which, if they had been known by the court, the court would have been precluded from entering the judgment of June 1, 1942, then the court properly set aside the judgment in question. In the case of Barthelemy v. Braun, 272 Ill App 321, the court quotes to-wit: 'In Quigley v. Ellenwood, 1 Cal App 626, the court said: In taking a judgment by default the plaintiff acts at his peril. He must see that the law has been complied with and that the time for appearance has expired. Otherwise he takes the chances of having his judgment set aside or reversed. In Hart & Co. v. Nixon & Co., 25 La Ann 136, it is there stated: The default having been improperly entered; there was no issue joined when the judgment was rendered. There was nothing, therefore, for the judgment to rest upon, and the judgment of the trial court was set aside.'"

The court also points out that in appellee's motion to set aside the default and judgment he states that the default and judgment were entered without any notice to his attorney or to himself and that the default was improperly taken. The court quoted the rule of the Circuit Court of Lake County, which is substan-

tially the same as the rules to which we have previously referred. The court cited and quoted from the case of North Ave. Building & Loan Ass'n v. Huber, 286 Ill 375, 121 NE 721, where the court said:

"As we understand the record, this order had no binding force whatever on plaintiffs in error by reason of the express violation of the rule of court in respect to giving notice of the pendency of such motion. The rules of court have the same binding force upon parties, as well as upon the court, as have statutes. (Axtell v. Pulsifer, 155 Ill 141.) It requires no further argument to show that plaintiffs in error were not bound by such order of court and that it was such an order as might be set aside at any time during the term when made, or at a subsequent term, where no discovery of such order is made by the parties injuriously affected thereby until such subsequent term."

The trial court erred in its order of October 16, 1961 denying the petition of the plaintiff to vacate the decree entered by the trial court on November 4, 1959, and in entering judgment for attorney's fees in favor of the defendant and against the plaintiff. The trial court also erred in its order entered November 2, 1961 denying the motion of the plaintiff to vacate the final decree. The orders are reversed and the cause is remanded to the Superior Court with directions to enter an order vacating the order of October 27, 1959 entered by Judge Sbarbaro allowing the defendant $300 for attorney's fees, and the default order entered October 27th by Judge Sbarbaro striking plaintiff's complaint and holding the plaintiff in default. The court is further directed to vacate the decree entered November 4, 1959 and take such proceedings as may be necessary to place the parties in status quo with reference to the real estate which was owned jointly

by the plaintiff and defendant at the time of the filing of the complaint and counterclaim, to order the plaintiff to answer the counterclaim of the defendant, and to set the original complaint and answer, and the counterclaim and answer, for hearing on a date to be fixed by the court, and to take such other and further proceedings as may be necessary, consistent with the views expressed herein.

Reversed and remanded with directions.

SCHWARTZ, PJ and DEMPSEY, J, concur.