MYRTLE G. CONLEY, Plaintiff-Appellant, *v.* HAROLD RUST, Admr. of the Estate of Ruth F. Kline, Deceased, Defendant-Appellee.

(No. 72-191;

Third District—June 5, 1973.

Thomas V. Cassidy, of Peoria, for appellant.

Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This action was brought to recover damages for personal injuries occasioned by the alleged negligence of Ruth F. Kline, the decedent, in driving her automobile. The circuit court of Tazewell County dismissed plaintiff's complaint for lack of jurisdiction of the subject matter and the parties and entered judgment in favor of defendant. Myrtle G. Conley, the plaintiff, has appealed from that order of dismissal.

On July 12, 1968, the plaintiff was a passenger in an automobile being driven by Ruth F. Kline, the car smashed into a tree killing the driver and severely injuring the passenger.

The estate of Ruth F. Kline was opened Sept. 23, 1968, when her will was admitted to probate and Ivan Yontz was appointed executor. After

due course of administration the final account of the executor was approved and the executor discharged on May 13, 1969.

On the last day before the running of the two year statute of limitations plaintiff filed a complaint against *James Heiple, Administrator of the Estate of Ruth F. Kline, deceased.* Summons was issued and served within a few days.

James Heiple promptly moved on July 15, 1970, to dismiss the complaint on the ground that he never was the administrator of the estate. (He had been the attorney for the executor.) A hearing was not had on the motion until 1971, when it was considered with a second motion filed Sept. 10, 1971. Meanwhile, on Oct. 2, 1970, plaintiff filed a petition to reopen the estate and appoint Harold Rust administrator. The appointment was made on that date. On Sept. 1, 1971, Harold Rust was substituted as the named party defendant as Administrator of the Estate of Ruth F. Kline.

On Sept. 10, 1971 (after having been dismissed as a party), James D. Heiple filed a second motion to dismiss on the ground that the cause of action was not commenced within two years and the further ground that no claim was filed within 7 months of the time the estate was opened.

On Dec. 7, 1971, the trial court granted the second motion to dismiss,[1] within 30 days a motion to reconsider was filed and on April 20, 1972, the court denied plaintiff's motion to reconsider. Notice of appeal was filed on the last permissible date appealing the order of Dec. 7, 1971.

At the outset we must dispose of the defense argument that the notice of appeal was not filed within 30 days of the judgment appealed from.

Supreme Court Rule 303(a) provides: "* * * the notice of appeal must be filed * * * within 30 days after the entry of the final judgment appealed from, *or*, if a timely post-trial motion directed against the judgment is filed, whether in a jury or non-jury case, *within 30 days after the entry of the order disposing of the motion.*" (Emphasis added.)

■■ It is clear that by filing her motion to reconsider within 30 days of Dec. 7, 1971, the usual 30 day period for filing notice of appeal did not begin to run until the entry of the order disposing of the post-trial motion. *Cf. Childress v. State Farm Mutual Auto. Insurance Co.*, 97 Ill.App.2d 112, 121.

Plaintiff has appealed assigning the following as error:

    1. The court erred in allowing a motion to be prosecuted by a party who had been relieved of further duties by the court and for whom another party had been substituted.

---

[1] Not on the grounds alleged in the motions but on the basis that there was no legal entity in existence on the day of the filing of the complaint against whom suit might be brought and that plaintiff had sued a non-entity. Citing *Reed v. Long*, 122 Ill.App.2d 295.

On Sept. 1, 1971, the following order was entered by the trial judge: "The plaintiff present in open court by Thos. V. Cassidy, her attorney, and the defendant present in open court by Heyl, Royster, Voelker and Allen, his attorneys and upon Motion of Plaintiff: Harold J. Rust, Public Administrator is hereby substituted as named party defendant and in the capacity of Administrator of the Estate of Ruth F. Kline, deceased.

A rule is entered upon defendant to further plead within twenty-one (21) days.

Robert E. Hunt
Judge of the Tenth Judicial Circuit".

After the entry of the above order, James D. Heiple filed his second motion to dismiss previously referred to.

Did he have standing to file and prosecute that second motion after he had been relieved of further duties by the substitution of Harold J. Rust? In other words, could the complaint be dismissed with prejudice upon motion of one not a party to the suit?

■■ Ordinarily, only a party may make a motion in respect to pleadings. Sec. 48(1) of the Civil Practice Act states, "Defendant may, * * * file a motion * * *." As was said in *Jackson v. Pioletti,* 346 Ill.App. 569, 572, "* * * the petition could not be dismissed upon motion of one not a party to the suit."

■■ As a general rule a plea or other objection in abatement of an action can be presented only by the defendant in the action sought to be abated and not by an intervenor or stranger in the cause. 1 C.J.S. Abatement and Revival, sec. 188.

Defendant argues that the statutes of limitations are applicable; if they are they are not available to James D. Heiple, a stranger to the law suit.

■■ As a general rule, the defense of the statute of limitations is a personal defense and can be set up or taken advantage of only by the debtor or person for whose benefit the statute inures, or by one standing in his place or stead. (25 I.L.P. Limitations, sec. 8, 164), and it is a personal privilege which may be waived. It is not a defense as to strangers. *Massman v. Duffy,* 330 Ill.App. 76, 85.

■■ For the foregoing reasons we believe that James Heiple had no status to file and prosecute the motion to dismiss after he had been dismissed out of the case as a named party defendant and accordingly the judgment of the circuit court of Tazewell County is reversed, and the cause remanded for further proceedings.

Reversed and remanded.

SCOTT, P. J., and STOUDER, J., concur.