JEAN K. STEWART, Plaintiff-Appellant, *v.* G. BROCK STEWART, Defendant-Appellee.

First District (3rd Division) No. 61603

Opinion filed December 30, 1975.

Paul V. Kaulas and Douglas W. Graham, both of Chicago, for appellant.

Daniel Andrew Gallagher, of Chicago, for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff, Jean K. Stewart, appeals from an order committing her to 60 days in the House of Correction for contempt. A motion to dismiss the appeal filed by defendant, G. Brock Stewart, was taken with the case. The issues on appeal are whether the notice of appeal was timely filed and whether the order of commitment is supported by a sufficient adjudication of contempt. We reverse and remand.

No report of proceedings has been provided. The record on appeal discloses the following. On March 13, 1973, plaintiff was granted a judgment for divorce against defendant, and on March 30, 1973, an additional judgment was entered dividing the property of the parties. Subsequently, defendant petitioned the trial court for a rule to show cause why plaintiff should not be held in contempt for taking certain property which had been awarded to him. Plaintiff filed an answer and counterpetition alleging defendant wrongfully took property awarded to her. Defendant filed an answer to the counterpetition. No issue is raised on appeal by these pleadings. The pertinent portions of the orders entered by the trial court as to the petition and counterpetition may be summarized.

An order entered January 10, 1974, recites that the court heard testimony and in part orders the cause continued to January 23 for a decision on defendant's petition. No order appears for January 23, but the next order in the record is that of February 19 which provides in part· "enforcement of the contempt order against the plaintiff be and is hereby stayed to April 10." Several orders granting continuances appear thereafter which make reference to prior "contempt findings." A subsequent order, signed "agreed" by counsel for plaintiff, entered on June 19, contains a recital in part "having found the issues for the petitioner, G. Brock

Stewart, upon said petition, and having adjudged the said Jean K. Stewart guilty of contempt of court as prayed for in the said petition of G. Brock Stewart" and then orders the proceedings on both petitions continued to August 7. On that date an order was entered that plaintiff "comply with the previous order of this Court with respect to to [*sic*] this Cts order of 3/4/74 on or before 8/28/74." Following two orders of continuance, the trial court on December 10, 1974, entered the following order from which the instant appeal is taken:

> "This cause coming on to be heard for sentencing of the plaintiff, Jean K. Stewart, upon the petition of G. Brock Stewart and the court having found said plaintiff, Jean K. Stewart, guilty of contempt and having given her opportunity to purge herself of said contempt by returning to the said G. Brock Stewart various articles of furniture and it appearing to the court that she has not done so and that she is not in court.
>
> It Is Ordered that said plaintiff, Jean K. Stewart be confined in the House of Correction for sixty (60) days.
>
> It Is Further Ordered that no just reason exists to delay an appeal from this order."

On December 20, 1974, plaintiff filed an amended petition to vacate the order of December 10. That petition was denied on January 22, 1975, on which date plaintiff filed a notice of appeal from the December 10 order of commitment.

■■ Defendant contends in his motion to dismiss the appeal that the notice of appeal was filed more than 30 days after the entry of the order appealed from. Supreme Court Rule 303(a) provides:

> "the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the motion." (Ill. Rev. Stat. 1973, ch. 110A, par. 303(a).)

This rule has been construed to mean that where a timely post-trial motion is filed attacking a final order, the trial court retains jurisdiction in the event the order is to be altered, and the time for filing notice of appeal is then within 30 days after the entry of the order disposing of the post-trial motion. (*Conley v. Rust* (1973), 12 Ill.App.3d 26, 297 N.E.2d 397; *City of DeKalb v. Anderson* (1974), 22 Ill.App.3d 40, 316 N.E.2d 653.) Since plaintiff on December 20 filed a timely amended petition to vacate the December 10 order, the 30-day period within which to file the notice of appeal commenced on January 22, 1975, upon the entry of the order disposing of the amended petition to vacate. Plain-

tiff's notice of appeal was filed on the same date and was therefore timely.

We next consider plaintiff's contention that the trial court erred in entering an order of commitment unsupported by a prior adjudication of contempt. Defendant argues that his answer set forth that on March 4 the trial court announced "in open court that it had found the allegations of the Petition for Rule to Show Cause to be true and it further found the plaintiff in contempt of court."

An adjudication, conviction or judgment holding the party in contempt is a prerequisite to the imposition of punishment therefor. (*People v. Tomashevsky* (1971), 48 Ill.2d 559, 273 N.E.2d 398; 12 Ill.L.&Pr. *Contempt* § 80, at 87 (1955); 17 C.J.S. *Contempt* § 86(1), at 243 (1963); *Andrews v. Board of Supervisors* (1873), 70 Ill. 65.) It is only the decretal portion of a judgment that is operative as a judgment, and the rights of the parties are adjudicated by that portion alone and not by the recitals. (*Green v. Green* (1974), 21 Ill.App.3d 396, 315 N.E.2d 324.) Nothing is decided by such recitals until the questions at issue are adjudicated in the ordering part of the order or decree. *Chechik v. Koletsky* (1922), 305 Ill. 518, 137 N.E. 419.

■■ In the instant case the record on appeal fails to disclose any order in which plaintiff is adjudicated in contempt. Although various orders contain recitals as to previous contempt findings and others as to a purported adjudication of contempt, no adjudication of contempt appears in the order or decretal portion of any order in the record on appeal. We conclude that the issue of plaintiff's alleged guilt of contempt has not been adjudicated by a proper order.

■■ Defendant here argues, and in his answer to amended petition states that on March 4, 1974, the court announced to the parties in open court that "it had found the allegations of the Petition for Rule to Show Cause to be true and it further found the plaintiff, JEAN K. STEWART, in contempt of court." Again, the oral pronouncement was at most a finding and not an adjudication of contempt. However, reliance on the oral pronouncement overlooks the basic rule of chancery practice that the oral announcements or remarks of the court are not binding unless embodied in a written decree which is approved by the court and filed of record with the clerk. See 7 Ill.L.&Pr. *Chancery* § 443, at 596 (1954).

■■ Moreover, Supreme Court Rule 271 (Ill. Rev. Stat. 1973, ch. 110A, par. 271) provides: "When the court rules upon a motion other than in the course of trial, the attorney for the prevailing party shall prepare and present to the court the order or judgment to be entered, unless the court directs otherwise." (Also see Rules of the Circuit Court of Cook County, Rule 7.1.) There is nothing in the record before us to indicate

that the court here directed otherwise. A reviewing court will determine a case on the record only. (*Iczek v. Iczek* (1963), 42 Ill.App.2d 241, 191 N.E.2d 648.) If in the instant case plaintiff was orally "adjudged guilty of contempt" it was incumbent upon defendant to submit such a written order to be approved by the trial court. Until a written order is entered, a bare announcement of a final judgment from the bench cannot be enforced. (*Green v. Green.*) Similarly, the oral pronouncement, even if construed as an adjudication of contempt, cannot be enforced by the subsequent order of commitment.

Accordingly, the order entered December 10, 1974, by the circuit court of Cook County is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

McGLOON, P. J., and DEMPSEY, J., concur.