D. L. SCHOENROCK *et al.*, Plaintiffs-Appellees, *v.* ANDEN CORPORATION, Defendant-Appellant.

Second District    No. 2—83—0555

Opinion filed June 20, 1984.

David Apter, of Kantor & Apter, of Chicago, for appellant.

Frank G. Roux, of Lunardi, Roux & Svehla, of Waukegan, for appellees.

JUSTICE HOPF delivered the opinion of the court:

Defendant, Anden Corporation, appeals from a judgment for $1,300.83 entered in favor of plaintiffs, D. L. and Catherine Schoenrock. Defendant had constructed and sold a home to the plaintiffs in 1977. Plaintiffs subsequently filed a small claims complaint on February 23, 1983, alleging a defect in the sewer pipe construction. After a hearing, the circuit court of Lake County found that defendant had improperly aligned the sewer line in constructing the home, causing the sewer to back up and damage plaintiffs' lower floor and requiring plaintiffs to incur costs for repairing the sewer. The court found for plaintiffs and defendant appeals.

On appeal defendant argues that plaintiffs should be barred from obtaining relief because the implied warranty of habitability does not extend liability to a builder for defects which do not manifest themselves until two to six years after the sale of the home. Defendant also urges that because plaintiffs failed to notify it of the defect and give it an opportunity to make repairs, relief should be denied.

The plaintiffs moved into the home constructed by defendant in June of 1977. After about two years, they experienced a sewage backup into an unfinished basement of the home. They contacted a plumber, who had to rod the pipe out. This procedure was repeated

six times over the next three years, and plaintiffs paid this plumber a total of $191. Plaintiffs contacted a second plumber in November of 1981 who also rodded the pipe out and provided temporary relief.

In February 1983 this second plumber, who testified at trial, broke open the concrete floor covering the sewer pipe and discovered that the pipe was improperly pitched so that at one point sewage flowing through it was required to run against the force of gravity. He decided to open the concrete floor based upon the history of back-ups and because his rodding in November of 1981 found the presence of grease and soap indicative of a "swale" (low spot) in the sewer line which would prevent these substances from flowing out and permit them to congeal. He hypothesized that the improper pitch resulted from improper installation of the pipe or some subsequent event. He replumbed the pipe to eliminate the pitch and charged plaintiffs $1,088.83 representing 32 hours of labor. Plaintiffs paid $20 to a scavenger to remove broken cement.

Plaintiffs testified that they never reported the problem to defendant because they thought that something had been thrown in the toilet causing the problem and because both plumbers diagnosed a possible cause of the problem as building debris caught in the pipes. They admitted receiving a warranty after closing the sale and that they had previously contacted defendant to perform other repairs. The court admitted into evidence a checklist on which defendant warranted mechanical and structural defects for one year and on which D. L. Schoenrock's signature appeared.

Plaintiffs further testified that the backed up sewage caused their carpet to mold, requiring its replacement with 80 yards of comparable grade at $17 per yard. At the same time they recarpeted their entire home and paid the $3,300 bill. They never contacted defendant about the carpeting replacement.

The trial court found in favor of plaintiffs and awarded damages representing their plumbing expenses and the scavenger bill in the amount of $1,300.83. However, it awarded only $1 for the carpeting loss because plaintiffs failed to establish the value of the damaged carpeting.

Basically, defendant raises two issues for consideration on appeal. First, it contends that a builder-vendor of a new home cannot be held liable for defects that do not manifest themselves for two to six years after the sale of the home. Secondly, it contends that the purchaser of a new home is precluded from recovering for defects under the doctrine of implied warranty of habitability where the purchaser fails to notify the builder-vendor and allow it the opportunity to make the re-

pairs. After consideration of the issues, the case law and the relevant statutes, we conclude that the trial court should be affirmed.

Defendant contends that the plaintiffs first discovered the problem in 1979 and should have acted prior to the time they filed suit. Contrary to this assertion, however, the plaintiffs' testimony reveals that the defect manifested itself within two years, but was not actually discovered until the basement floor was torn up to expose the pipe. Thus, we believe plaintiffs could not reasonably have been expected to act any sooner than they did.

Defendant also argues that a builder-vendor does not guarantee a home for its lifetime and that a claim based upon a defect manifesting itself as late after the closing as here should not be encompassed within the implied warranty of habitability. Defendant refers to *Redarowicz v. Ohlendorf* (1982), 92 Ill. 2d 171, 185, 441 N.E.2d 324, 331, where our supreme court held that the implied warranty of habitability extended to a subsequent purchaser is limited to latent defects which manifest themselves within a reasonable time after the original purchase of the house. Defendant attempted to distinguish *Knox College v. Celotex Corp.* (1980), 85 Ill. App. 3d 714, 407 N.E.2d 176. It contended that *Knox* was based upon fraud and misrepresentation, and because of this the court found that the plaintiff did not delay unreasonably in discovering the true defects. It contends that there were no representations made inhibiting the Schoenrocks from enforcing their claim. It claims that they could have discovered the defect earlier than when in fact it was discovered. However, *Knox* was reversed by our supreme court upon grounds which will be discussed later in this opinion. *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976.

■ Although defendant refers to the concept of statutes of limitations, it never moved to dismiss the complaint on this basis and therefore has waived this issue. (*Conley v. Rust* (1973), 12 Ill. App. 3d 26, 29, 297 N.E.2d 397, 400.) The essence of defendant's argument appears to relate to the time span for which an implied warranty of habitability applies. Resolution of this issue requires reference to the applicable statute of limitation. These were not cited by either party, but are dispositive of this appeal.

Section 13—214 of the Code of Civil Procedure provides, in pertinent part:

> "Actions based upon tort, contract or otherwise against any person for an act or omission of such person. in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall

be commenced within 2 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission." (Ill. Rev. Stat. 1981, ch. 110, par. 13—214(a).)

This section applies in actions seeking recovery under the implied warranty of habitability theory for defective construction of a home. (See *Matayka v. Melia* (1983), 119 Ill. App. 3d 221, 223-24, 456 N.E.2d 353, 355; see also *Briarcliffe West Townhouse Owners Association v. Wiseman Construction Co.* (1983), 118 Ill. App. 3d 163, 172, 454 N.E.2d 363, 368.) It further provides that:

"No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 12 years have elapsed from the time of such act or omission." Ill. Rev. Stat. 1981, ch. 110, par. 13—214(b).

This legislation represents the General Assembly's determination that 12 years is a reasonable maximum time period for which an implied warranty of habitability may be imposed. Such a limitation should alleviate defendant's concern that a builder may become a lifetime guarantor of his homes.

The parties have not cited any case law which discusses what factors, if any, could be considered in determining whether the defect manifested itself within a reasonable period of time within the meaning of *Redarowicz v. Ohlendorf* (1982), 92 Ill. 2d 171, 185, 441 N.E.2d 324, 331. Thus, there is no basis for applying a time period any shorter than that set forth in the above-quoted statute. Though *Redarowicz* seemed to limit this standard to a subsequent purchaser, we see no reason for this distinction, and it should apply to an original purchaser as well. (*Cf. Petersen v. Hubschman Construction Co.* (1979), 76 Ill. 2d 31, 389 N.E.2d 1154.) Apart from the statute of limitations (Ill. Rev. Stat. 1981, ch. 110, pars. 13—214(a), (b)), which the parties failed to raise, and applying the standards set forth in *Redarowicz*, it is readily apparent that the defect complained of manifested itself within a short and reasonable period of time of the sale of the home.

The earliest that it could be said that the plaintiffs discovered the defect, and who was responsible for it, was in November of 1981. This was when the second plumber hired by the plaintiffs, by his rodding procedures, determined that there may have been a swale in the line. This occurrence was approximately five years after the purchase of the home and well within the 12-year statute of limitations (Ill. Rev.

Stat. 1981, ch. 110, par. 13—214(b)).

It was not until the second plumber broke open the basement floor in February of 1983 that the defect was particularly determined and who was at fault. This lawsuit was then commenced on February 23, 1983. Regardless of which date is chosen as the date of discovery, the suit was instituted within the two-year limitation after discovery as set forth in section 13—214(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 13—214(a)).

In the instant case both parties have relied upon one aspect or another of *Knox College v. Celotex Corp.* (1980), 85 Ill. App. 3d 714, 407 N.E.2d 176, *rev'd* (1981), 88 Ill. 2d 407, 430 N.E.2d 976. In *Knox College* the college sought to recover from the defendant's manufacturer of roofing material installed in September 1970 for defects therein. Leaks developed in the roof soon after its installation. These were repaired initially by the installer at his own expense pursuant to the term of its own five-year guarantee. Subsequently the college shared the repair expenses. The college was informed in July 1976 that the roof would have to be replaced and in November 1976 that the problems might have been caused by deficiencies in the roofing system. In June 1978 the college filed suit against the defendant, among others, but its complaint was dismissed for, among other reasons, being barred by the statute of limitations. The appellate court reversed, applying the discovery rule which in the instant case is specifically incorporated in the statute of limitations provision set forth above. Addressing the issue of "[d]oes the cause of action accrue when the plaintiff knows he has suffered injury or damage or does it accrue when he knows or should know that the injury or damage is the result of another's tortious act?" the court held that the period of limitations commences when the plaintiff knew or should have known that the injury or damage is the result of another's tortious act. (*Knox College v. Celotex Corp.* (1980), 85 Ill. App. 3d 714, 719-20, 407 N.E.2d 176, 180-81.) The supreme court reversed the appellate court, however, on this issue, holding that the period of limitations commences at the point where a person becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved. *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 416, 430 N.E.2d 976, 980-81; *Pollock v. Hafner* (1982), 108 Ill. App. 3d 410, 414, 439 N.E.2d 85, 87.

We believe that the reasonableness standard and its application to discovery of a latent defect as set forth by the supreme court in *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976, is applicable to the case before us. Both plumbers originally diag-

nosed a cause other than a defective pitch to a sewer line. The true cause of the defective line was only discovered after a portion of the basement was torn up, albeit the second plumber believed in November of 1981 that a swale in the line could have caused the backup. We note that even if the earlier date of November 1981 is used the suit was still filed within two years. It appears that the discovery of the defect and its relation to the conduct of the defendant occurred within a reasonable time and there was not unreasonable delay in commencing suit.

■ With regard to the defendant's second issue on appeal, we note that the defendant cites no case law to support its contention that an implied warranty of habitability may not be maintained where the purchaser failed to notify the builder of the problem and afford the builder an opportunity to remedy the defects. At most this would be a question of damages. However, in the instant case defendant has failed to establish that it was prejudiced by plaintiff's failure to notify it of the defect. There is no evidence of such prejudice, and none can be presumed to exist from the present record. Therefore, for the reasons stated, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

SEIDENFELD, P.J., and REINHARD, J., concur.