CHARLES RINGER COMPANY, Plaintiff and Counterdefendant-Appellee, v. MAURICE McDONALD *et al.*, Defendants and Counterdefendants-Appellees (Jacqueline McDonald, Defendant and Counterplaintiff-Appellant).

First District (1st Division)   No. 1—86—3575

Opinion filed April 10, 1989.

*Justice Quinlan participated in this opinion prior to his assignment to the sixth division.

Martin Tiersky, of Skokie, for appellant.

Ned Langer and William Carmody, both of Chicago, for appellees.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

Plaintiff, the Charles Ringer Company (Ringer), filed a complaint for foreclosure on a single-family dwelling located on the southside of Chicago against Maurice McDonald (Maurice), Verdell McDonald (Verdell) and Jacqueline McDonald (Jacqueline). Jacqueline responded with an answer and a counterclaim that she adopted as an affirmative defense. She alleged that Ringer's claim against the property was subordinate to the claim she had acquired when she filed a petition to register a foreign judgment. Ringer filed a motion to dismiss Jacqueline's

counterclaim on the ground that Jacqueline had failed to file her petition within the five-year statute of limitations (Ill. Rev. Stat. 1987, ch. 110, par. 13—205). After hearing argument the trial court granted Ringer's motion to dismiss. Thereafter, the court entered a judgment for foreclosure and sale in favor of Ringer against all defendants. In this appeal, Jacqueline asserts that the trial court erroneously (1) granted Ringer's motion to dismiss; (2) found that Ringer's mortgage lien had priority over her foreign judgment lien; and (3) entered judgment based on Ringer's affidavit even though substantial facts were controverted in her answer.

Our review of the record establishes that on July 3, 1985, Ringer filed its complaint for foreclosure and attached thereto was a copy of the mortgage agreement and note. The mortgage was dated August 27, 1984. The note, which was signed by Maurice and Verdell, was in the principal amount of $12,000. The complaint alleged that the mortgage was in default and that Maurice was liable for the deficiency and joined Verdell and Jacqueline as defendants. The relief sought included an accounting, payment of the balance, a finding that the accounting balance was a first lien on the premises and attorney fees.

On July 18, 1985, Jacqueline filed an answer and counterclaim which she adopted as an affirmative defense. Therein, she alleged, *inter alia*, that on January 31, 1984, she filed in the circuit court of Cook County a verified petition to register a foreign judgment entitled *In re* the Marriage of Maurice McDonald (No. 84—D—1699), that on February 3, 1984, she recorded a certified copy of the petition with the recorder of deeds and that on December 20, 1984, a final judgment in the amount of $16,806 was entered against Maurice in favor of Jacqueline. She requested that the court dismiss the complaint for foreclosure and find that her lien was superior to that of any other party. Attached to her counterclaim was a copy of her petition to register the foreign judgment, an interlocutory and final judgment for dissolution of marriage and the registered foreign judgment of $16,806.

On September 6, 1985, Ringer filed a motion to dismiss, alleging that Ringer had obtained a lien on the property by recording the mortgage on August 29, 1984, that Jacqueline's petition to register the foreign judgment against Maurice was barred by section 13—205 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—205), which requires such actions to be commenced within five years of final judgment, and that the child support judgment entered on December 20, 1984, was subsequent to the mortgage lien and inferior to it.

In her memorandum in opposition to Ringer's motion to dismiss, Jacqueline argued that the statute of limitations is a personal and affirmative defense which Maurice waived by failing to plead and prove, that the statute could not be raised by Ringer because Ringer was not a defendant in that case, that according to section 13—208 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—208), the statute of limitations was tolled by the absence of Maurice from the jurisdiction of the court, and that a new cause of action arose as each installment became due because the judgment provided for periodic installments. Thus, she argued, any payments due on or subsequent to January 31, 1979, were not time barred.

In a reply to Jacqueline's memorandum, Ringer admitted that it was not a party to the foreign judgment case and added that this instant matter presented the first opportunity for Ringer to raise the limitations defense, that when Maurice acquired an interest in the property on May 26, 1977, he submitted himself to the jurisdiction of the court, that the petition to register the foreign judgment did not create a judgment for Jacqueline, that the petition merely requested that judgment be entered for her, that the judgment was not entered until December 20, 1984, and that it was subordinate to the mortgage lien recorded on August 2, 1984.

After hearing argument and considering the pleadings, the court entered a memorandum opinion and order granting Ringer's motion to dismiss Jacqueline's counterclaim. Subsequent thereto the court entered a decree of foreclosure and attorney fees.

■ We must now determine whether the trial court erroneously dismissed Jacqueline's counterclaim when it found that her petition to register the foreign judgment had been barred by the statute of limitations and that the mortgage lien was superior to the foreign judgment lien. A motion to dismiss may be granted when "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(9).) The affirmative matter must negate the cause of action completely or refute crucial conclusions of law or conclusions of material fact unsupported by allegations of specific facts contained in the complaint. *Russo v. Boland* (1982), 103 Ill. App. 3d 905, 908, 431 N.E.2d 1294.

■ The purpose of the foreign judgments act (Act) (Ill. Rev. Stat. 1987, ch. 110, pars. 12—601 through 12—617), is to facilitate the interstate enforcement of judgments in any jurisdiction where the judgment debtor may be located. (*Brownlee v. Western Chain Co.* (1977), 49 Ill. App. 3d 247, 250, 364 N.E.2d 926; *Thompson v. Safeway En-*

*terprises, Inc.* (1978), 67 Ill. App. 3d 914, 916, 385 N.E.2d 702; *Paine, Webber, Jackson & Curtis, Inc. v. Rongren* (1984), 127 Ill. App. 3d 85, 89, 468 N.E.2d 459.) In relevant part, section 12—101(c) of the Act states:

> "A foreign judgment registered pursuant to Sections 12—601 through 12—618 of this Act is a lien upon the real estate of the person against whom it was entered only from the time (1) a certified copy of the verified petition for registration of the foreign judgment or (2) a transcript, certified copy or memorandum of the final judgment of the court of this State entered on that foreign judgment is filed in the office of the recorder in the county in which the real estate is located." Ill. Rev. Stat. 1987, ch. 110, par. 12—101(c).

■ Section 12—603 of the Act sets forth the necessary elements required in a verified petition to register a foreign judgment:

> "a copy of the judgment to be registered, the date of its entry and any subsequent facts, circumstances or legal proceedings affecting it *** in the manner authorized by the laws of the United States or of this State, and a prayer that the judgment be registered." Ill. Rev. Stat. 1987, ch. 110, par. 12—603.

■ It is well settled that the statute of limitations is a personal defense which may be raised solely by the "debtor or person for whose benefit the statute inures." (*Conley v. Rust* (1973), 12 Ill. App. 3d 26, 29, 297 N.E.2d 397; *Glenn v. McDavid* (1942), 316 Ill. App. 130, 138, 44 N.E.2d 84.) In the case at bar, it is uncontested that Maurice failed to raise the statute of limitations as a defense in proceedings initiated by Jacqueline to register the foreign judgment. His failure to do so resulted in a waiver of this personal defense. (*Conley v. Rust* (1973), 12 Ill. App. 3d 26, 29, 297 N.E.2d 397.) Ringer, a stranger to the child support case upon which the foreign judgment was entered, may not raise the statute of limitations as a defense in the instant matter to challenge the validity of Jacqueline's registered foreign judgment.

■ On July 31, 1984, Jacqueline filed her verified petition to register the foreign judgment in compliance with section 12—603 of the Act. A month later, she recorded her petition with the office of the recorder of deeds. Upon doing so, Jacqueline obtained a lien on the property in question. Her recordation of the petition gave notice of her claim to the property. Ringer issued the mortgage to Maurice on August 24, 1984, and recorded it five days later. The mortgage lien created thereby was subsequent and subordinate to the foreign judgment lien obtained by Jacqueline because it was second in time.

Under the circumstances, we believe that the order entered by the trial court dismissing Jacqueline's counterclaim was improper. Because of our disposition of this issue, we need not consider the remaining contentions.

For the reasons stated, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings.

Judgment reversed and remanded.

CAMPBELL and QUINLAN,˙ JJ., concur.

---

˙Justice Quinlan participated in the decision of this opinion prior to his assignment the sixth division.