FIRST STATE BANK & TRUST COMPANY OF HANOVER PARK, Plaintiff, *v.* EDWARD STACKLER, Defendant.—(ILLINOIS BROADWAY CORPORATION *et al.*, Petitioners-Appellees, *v.* EDWARD STACKLER, Respondent-Appellant.)

First District (5th Division)    No. 80-607

Opinion filed February 20, 1981.

Arthur S. Gold, of Kaplan, Gold & Gallagher, Ltd., and Stackler & Stackler, both of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Vincent F. Lucchese, of Chicago (Vincent F. Lucchese and James Samatas, of counsel), for appellees.

Mr. JUSTICE MEJDA delivered the opinion of the court:

This appeal is an outgrowth of a replevin action brought by plaintiff to obtain possession from defendant of certain items used in the operation of a restaurant in which plaintiff had a security interest. The record discloses the following concerning the property in question.

In May 1977, defendant leased premises to Illinois Broadway Corporation (Broadway) for use as a restaurant. Crissie, Thanos and Manolis were officers of Broadway. Later, about June 30, 1977, plaintiff and Broadway entered into a security agreement to secure a loan, using the restaurant equipment as collateral. The loan was not repaid, and plaintiff brought this action against defendant claiming a secured position in the equipment and demanding its return.

In his answer defendant claimed that he owned the property in question except for certain items which were replaced from day to day.

At the replevin hearing, plaintiff's attorney asserted that defendant had bought the equipment at a sheriff's sale which he had conducted to pay a judgment for back rent owed by Broadway and had been aware of plaintiff's secured position in the property. Defendant asserted that he had owned the leased premises since 1946 and that the disputed property was on the premises before it was leased to Broadway and that Broadway had no right to execute the security agreement with plaintiff.

The "parties in controversy" subsequently submitted a "Settlement Order" to the trial court in which the recipal portion stated that they had settled their disputes in the following manner: (1) plaintiff would allow judgment to be entered in defendant's favor in the replevin suit and execute a bill of sale to defendant; (2) Broadway, Crissie, Thanos and Manolis shall pay to defendant $30,000 in three payments of $10,000 due one each on the 30th day of August, September and October 1979; (3) upon payment of the $30,000 defendant shall execute satisfaction of judgments in certain cases, cancel certain leases between "Plaintiffs and Defendants" in those cases, and execute mutual releases. The recital also provided that plaintiff's agreement to allow entry of judgment for defendant would survive any breach of the other agreements and that a breach of the payment schedule would allow defendant to pursue his cause of action in the lawsuits referred to above. It was therefore ordered that the writ of replevin would not issue and judgment was entered in defendant's favor. The settlement order was signed and approved by both plaintiff and defendant and entered by the trial judge on July 30, 1979. Although spaces were provided for the signatures and approval of Broadway, Crissie, Thanos and Manolis, their signatures do not appear on the order.

Thereafter, on September 24, 1979, Crissie, Thanos and Manolis (petitioners) made a written motion which stated that pursuant to the July 30 order they were to make the first $10,000 payment on August 30 but found they were unable to do so. They claimed that Stackler had agreed to accept $6000 on August 31, 1979, and that when tender of that amount was made Stackler insisted that $3000 of the amount which was not in the form of a certified check or cashier's check be tendered as such. The motion stated that there was inadequate time on August 31 to have the checks tendered and when the funds were tendered on the next business day, September 4, defendant refused the money since it had not been paid by August 31. The motion further stated that Stackler was demanding $80,000 in payment and sought an order of court to require that defendant be made to accept the $10,000. Defendant moved to dismiss the motion because the petitioners were not parties to the underlying suit and because the motion had been filed on September 24, more than 30 days after the July 30 order. Defendant further replied that the agreement

was that the $6000 be paid by cashier's check, certified check or currency, that the tender had not been made, and that no other modification of the July 30 order had been made. In view of the default in payment, defendant asked that he not be ordered to take the $10,000 in settlement.

The trial court found that defendant had entered the agreed order with petitioners and they were therefore before the court, that the parties had agreed to a modification of the July 30 order, and that under the circumstances of the attempted payment petitioners should have been allowed to make payment on the next business day. In addition, petitioners had tendered full payment of the $30,000 in open court. The court ordered that the $30,000 be deposited in court for defendant's benefit and that the clerk of the court execute releases in accordance with the July 30 order and cancel all leases between petitioners and defendant. It is from this order that defendant appeals.

During oral argument before this court, it was noted that the July 30 settlement order had never been signed by any of the petitioners or by anyone on behalf of Broadway, nor had any appearance or pleading been filed in their behalf before the trial court. Plaintiff, petitioners and Broadway brought a motion pursuant to Supreme Court Rule 329 (Ill. Rev. Stat. 1979, ch. 110A, par. 329) to correct the record by including a duplicate order which they had all signed. At the hearing on this motion in the trial court, defendant objected that the movants were not attempting to correct the record but rather to remake it and supply what should have been there originally. The trial judge stated that he recalled that when the order was presented the signatures were not on it but that copies with all of the signatures were to be filed. He also concluded that he could not include in the record something which had been prepared after the case had left the trial court. The trial court therefore denied the motion to correct the record, leaving the record as it was before oral argument.

OPINION

Defendant seeks reversal of the order of February 5 which was enforcing the earlier July 30 order and in effect ordered him to accept the $30,000 as settlement of all amounts due him and to execute releases to petitioners. He argues that the trial court erred in permitting petitioners to reopen the replevin action more than 30 days after final judgment, especially since they were not parties to the original suit. Our review of the record reveals that petitioners were never made parties to the replevin suit, were not bound by the July 30 order which dismissed that suit, nor were the provisions they sought to enforce ever ordered by the trial court on July 30. The entry of the February 5 order which sought to enforce petitioners' rights under the order of July 30 was therefore error.

Petitioners were never served with process, never filed an appear-

ance, and never filed any pleadings or documents prior to July 30. Although they are referred to in the recital portion of the settlement order, neither the caption nor the decretal portion refers to them and neither does the order contain signatures by them or on their behalf. Petitioners argue that they became parties to the replevin suit when they submitted the July 30 order. They also contend that where a nonparty's interests are protected by other parties, the judgment is binding upon him, citing *Weberpals v. Jenny* (1921), 300 Ill. 145, 133 N.E. 62, *People ex rel. Gibbons v. Clark* (1920), 296 Ill. 46, 129 N.E. 583, *Morris Investment Co. v. Moore* (1947), 332 Ill. App. 653, 75 N.E.2d 782 (abstract), and several other cases as support for the latter proposition. An analysis of those cases reveals that they are factually and legally distinguishable from the instant case. Here, plaintiff did not bring the action in a representative capacity nor as a class action. Petitioners did not have common or other interests with the bank which would be adequately represented by the bank.

Even if petitioners had been made parties to the suit, analysis of the settlement order of July 30 reveals that there was nothing for them to enforce since the order never adjudicated their rights. The suit was simply a replevin action brought to determine who as between plaintiff and Stackler had the right to possess the restaurant equipment. The only order entered by the court in this case was that the writ of replevin would not issue and that judgment be entered in defendant's favor. The manner in which the parties in controversy, including petitioners, allegedly settled their differences is contained in the recital portion of the settlement order which merely states that upon performance of various conditions the parties "shall" perform other duties. The court never ordered petitioners to pay the bank or Stackler any sum of money or Stackler to execute releases upon payment of such amounts. The settlement order recognized this fact and provided that failure of the parties to perform the agreements contained in the recital portion would not affect the order dismissing the replevin suit. The rights which petitioners seek to enforce had never been adjudicated by the court but were merely recitals or findings which were the bases for the dismissal of the replevin action. Only the decretal portion which dismissed the replevin action was operative as a judgment and adjudicated the rights of the parties, in this case the bank and Stackler. (*Stewart v. Stewart* (1975), 35 Ill. App. 3d 236, 239, 341 N.E.2d 136, 139; *Green v. Green* (1974), 21 Ill. App. 3d 396, 402-03, 315 N.E.2d 324, 329.) The recitals which set forth the bases for dismissal of the replevin suit did not adjudicate petitioners' rights vis a vis defendant (which were unrelated to the issue of possession) since they were not contained in the decretal or ordering portion of the settlement order. (*Checkik v. Koletsky* (1922), 305 Ill. 518, 519, 137 N.E. 419, 420; *Stewart v. Stewart*.) There was no proper order to enforce as far as petitioners'

motion was concerned and the trial court erred in entering the order of February 5 seeking to enforce their rights.

Petitioners also attempt to sustain the order of July 30 as a consent judgment which binds the parties to it. As already noted the spaces provided for petitioners' approvals are blank, indicating a lack of their consent leaving plaintiff and defendant the only parties to the agreement. The record in this case does not support petitioners' claim that the order was a consent judgment.

Because petitioners were not parties to the underlying suit and their rights were never adjudicated by the trial court on July 30, the entry of the order on February 5 seeking to enforce their nonexistent rights was error. Accordingly, the order of February 5 is reversed.

Reversed.

SULLIVAN, P. J., and WILSON, J., concur.