DAVID BUCHANAN, Plaintiff-Appellant, *v.* ROBERT J. LENZ *et al.*, Defendants-Appellees.

First District (5th Division) No. 82—53

Opinion filed June 17, 1983.

Gerald A. Goldman and Robert E. Marcus, both of Goldman and Marcus, of Chicago, for appellant.

James J. Costello and Norman P. Jeddeloh, both of Chicago, for appellees.

JUSTICE MEJDA delivered the opinion of the court:

Plaintiff requested the Merit Board of the State Universities Civil Service System of Illinois (Merit Board) to review certain employment decisions of defendant University of Illinois (University). The Merit Board refused review for plaintiff's failure to file the request within the period provided by Rule 13 of the Civil Service Rules (Rules). Plaintiff filed the instant complaint for administrative review of the decision of the Merit Board. Plaintiff now appeals from the order of the circuit court affirming the decision.

The issues on appeal are: (1) whether the trial court erred in affirming the Merit Board's decision; and (2) whether the decision of the Merit Board is subject to judicial review as to the merits of plaintiff's charges.

Plaintiff is employed by the University of Illinois Hospital as a Medical Technician II. On March 16, 1979, he filed a grievance charging that the University failed to follow the prescribed procedure for appointment to fill an open position and instead, through supervisory personnel, appointed Jeanne Miller to act as a Medical Technician III. Plaintiff argues that the appointment constituted a promotion and thus violated the Rules and Illinois statute. (Ill. Rev. Stat. 1981, ch. 24½, par. 38b9.) The grievance was considered by various individuals within the University internal grievance procedure. Finally, on May 30, 1979, the University Director of Nonacademic Personnel (University Director) denied plaintiff's original grievance based on its prior consideration and further information obtained at a hearing held May 10, 1979. Review of the University Director's decision was requested of the Director of the Merit Board (Director) who replied that he found no official personnel action had been taken regarding the allegedly improper promotion of Jeanne Miller. Plaintiff thereafter sent a request for review to the chairman of the Merit Board. The secretary of the Merit Board responded that the record showed no official action which constituted a violation as alleged. On August 10, 1979, plaintiff again appealed to the secretary of the Merit Board who again replied that there had been no violation and referred plaintiff's re-

quest for consideration of his grievance back to the University Director. On August 20, 1979, the University Director for the second time stated that he found no evidence of any violation. Following a subsequent hearing the University Director denied the grievance for the third time on November 27, 1979, again stating that a review disclosed no evidence of a violation.

On December 11, 1979, Michael Wallace, staff counsel for the Illinois State Employees Association, on plaintiff's behalf filed a request for review of the November 27 decision with the Director of the Merit Board, presumably under Rule 13.1. On December 14, 1979, the Director advised plaintiff that he found no statutory or rule violation. The record shows no request for review of this decision under Rule 13.2. The decisions of defendant University were restated by its president in a series of letters written on June 16, 1980, to Wallace and to several State legislators.

On November 25, 1980, plaintiff filed with the Director of the Merit Board a "formal appeal" wherein he described the alleged unfair employment practices of the University and his efforts to correct them and requested a review of the various decisions made by the University Director. On December 3, 1980, the Director of the Merit Board denied review on the ground that the 15-day period within which a request for review under Rule 13.1 could be filed had passed and that further review would therefore not be proper. Plaintiff appealed this decision to the Merit Board under Rule 13.2. The appeal was rejected by letter of the Merit Board dated December 16, 1980, which stated:

"Reference your letter of December 9, 1980 concerning a request for review under Civil Service Rule 13.2.

Civil Service Rule 13.2 states in part:

'An applicant, a candidate, an employee, or an employer, affected by a Review Decision of the Director under Rule 13.1, * * *'

Since your request for review via Civil Service Rule 13.1 was untimely filed on November 25, 1980 because of an action or omission of an action on or about June 24, 1979, no Director's Review Decision under Rule 13.1 was rendered.

Therefore, there can be nothing before the Merit Board in this matter."

Plaintiff thereupon filed the instant complaint for administrative review and briefs were filed. The circuit court found that although plaintiff raised substantial questions as to the procedure involved, the issue is the matter of timeliness of the filing before the administrative

agency and that it was without jurisdiction to reverse the decision of the administrative agency. The court entered judgment to affirm the Merit Board decision.

OPINION

■ Plaintiff appeals from the order of the trial court entered December 4, 1981, which he characterizes as "dismissing plaintiff's cause of action for lack of jurisdiction to review the Administrative Agency's decision to dismiss plaintiff's cause for failure to timely file his grievance before the Administrative Agency." Plaintiff first contends that the circuit court erred in stating that it lacked jurisdiction to reverse the decision of the administrative agency. We find this contention without merit.

The trial court order here appealed from provides:

"The Court, having read the briefs and heard oral argument, finds that although the brief of Plaintiff raises substantial questions in the Court's mind as to the procedure involved, the issue is on the matter of timeliness of the filing before the Administrative Agency and the Court is without jurisdiction to reverse the decision.

It Is Therefore Ordered that the decision of the Administrative Agency is affirmed.

The Court finds no just reason for delay of enforcement or appeal."

The Administrative Review Act (Ill. Rev. Stat. 1981, ch. 110, par. 3—101 *et seq.*), which is applicable to the proceedings for review of Merit Board decisions (Ill. Rev. Stat. 1981, ch. 24½, par. 38b14), vests jurisdiction in the circuit court for review of final administrative decisions (Ill. Rev. Stat. 1981, ch. 110, par. 3—104) and expressly vests the court with power "to affirm or reverse the decision in whole or in part" (Ill. Rev. Stat. 1981, ch. 110, par. 3—111(a)(5)). Ordinarily, a court lacking subject matter jurisdiction of a case has power only to dismiss the case. (*Glasco Electric Co. v. Department of Revenue* (1980), 87 Ill. App. 3d 1070, 409 N.E.2d 511.) It is significant that the trial court in fact did not dismiss the case but entered a ruling affirming the administrative decision.

" 'Jurisdiction' is often used ambiguously. In its stricter sense, it is used only to mean judicial authority over the subject matter and parties. [Citation.] In its broader sense, it also includes the privileges and power to grant specific relief in cases within such authority." (*Lake Wauwanoka, Inc. v. Spain* (Mo. App. 1981), 622 S.W.2d 309, 314.) In the instant case defendant did not allege lack of jurisdiction

of the parties or of the subject matter and admitted in its answer that plaintiff was entitled to judicial review of the administrative decision. The trial court did not dismiss plaintiff's complaint for administrative review but instead read the briefs, considered oral arguments and affirmed the decision of the administrative agency. In light of these facts we construe the finding that "the court is without jurisdiction to reverse the decision" to indicate that the record did not entitle plaintiff to the relief prayed for in his complaint for administrative review, namely, his prayer that the decision be reversed.

■ It is well settled that a judgment will be affirmed if it is justified in law for any reason or ground appearing in the record regardless of whether the particular reasons given by the trial judge, or his specific findings, are correct or sound. (*Stigler v. City of Chicago* (1971), 48 Ill. 2d 20, 268 N.E.2d 26; *Thornton v. Williams* (1980), 89 Ill. App. 3d 544, 412 N.E.2d 157.) "The reasons given for a judgment order, or the findings upon which it is based, are not material if the judgment or order is correct." (*Keck v. Keck* (1974), 56 Ill. 2d 508, 514, 309 N.E.2d 217, 220.) Moreover, only the decretal portion of a judgment is operative as a judgment; the rights of the parties are adjudicated by that portion alone and not by the recitals. (*First State Bank & Trust Co. v. Stackler* (1981), 93 Ill. App. 3d 619, 417 N.E.2d 795; *Stewart v. Stewart* (1975), 35 Ill. App. 3d 236, 341 N.E.2d 136.) The decretal portion of the order of the circuit court adjudicated the rights of the parties and thereby affirmed the decision of the Merit Board. The propriety of the court's affirmance is, therefore, the issue before us on appeal.

■ The Merit Board is authorized to promulgate and apply rules for personnel administration of the University of Illinois. (Ill. Rev. Stat. 1981, ch. 24½, pars. 38b1, 38b3.) Under Rule 13 actions or omissions of the University may be subject to a review decision first by the Merit Board Director (Rule 13.1) and then by the Merit Board (Rule 13.2). Rule 13, in pertinent part, provides as follows:

"13.1 *Review by Director of Action, or Omission, of Designated Employer Representative.* Any action, or omission, by a designated employer representative shall be the basis for a review decision by the Director, upon a timely filed written request by an applicant, a candidate, or an employee. The request shall be deemed to be timely filed if filed within 15 calendar days following the action, or omission of the action, by the employer, or as otherwise may be deemed appropriate by the Director under the circumstances. ***

13.2 *Review by Merit Board of Review Decision of Director.*

An applicant, a candidate, an employee, or an employer, affected by a Review Decision of the Director under Rule 13.1, may file a written request with the Secretary for the Merit Board for a Merit Board review of the Director's Review Decision, ***."

We agree with plaintiff's assertion that the 15-day time period expressed in Rule 13 is not mandatory but discretionary; the language of the rule itself so states. The courts will not interfere with the discretionary authority vested in administrative bodies unless such authority is exercised in an arbitrary or capricious manner. (*People ex rel. Stephens v. Collins* (1966), 35 Ill. 2d 499, 221 N.E.2d 254.) As it is undisputed that plaintiff's filing was not timely, the focus of our inquiry must be whether the Merit Board's dismissal of plaintiff's request was arbitrary or capricious. We find that it was not.

Rule 13 provides for a review decision of an action if the request for such review is filed within 15 days or as otherwise deemed appropriate by the Director of the Merit Board. The Merit Board Director reviewed the May 30, 1979, decision of the University Director and the Merit Board twice reviewed that decision. Plaintiff did not request review under Rule 13.1 of the University Director's August 20, 1979, decision. Following the University Director's third denial of plaintiff's grievance on November 27, 1979, plaintiff requested review under Rule 13.1 but did not request further review under Rule 13.2.

Finally, a full year later, plaintiff requested review under Rule 13.1 of all the various decisions of the university director. That request prompted the Director's determination that further review under Rule 13 was improper in view of the untimely filing. The Merit Board, in effect, concurred.

■ We find the Merit Board's final refusal to rehear a grievance already considered many times to be neither arbitrary nor capricious. In finding untimeliness a bar to further consideration of plaintiff's grievance, the Director did not have before him a mere technical failure to meet a filing date or an insignificant delinquency. The Merit Board deemed the final action of the University of which the plaintiff requested review under Rule 13.1 to have occurred on or about June 24, 1979. Under such facts plaintiff's request for review occurred 17 months after the final University action. Considering the University Director's third review and decision as the final University action places such final action a full year before plaintiff's request for review under Rule 13. And if the letters sent by the University president are deemed the final University action, plaintiff's request for Rule 13 review occurred five months after the prescribed time for such request.

Thus, under any set of facts, plaintiff's request occurred substantially beyond the suggested time for filing. In view of the lateness of the request, to hold that the Director of the Merit Board abused his discretion and acted arbitrarily in enforcing a 15-day time limit would be to render the time limit a nullity. Plaintiff has made no showing that he was unable to act within the time limit and, moreover, offers no reason why the Director should have disregarded the suggested time for filing in favor of plaintiff who filed his request at least five months and as many as 17 months after the prescribed time.

■■ "An administrative agency has the power to construe its own rules and regulations to avoid absurd or unfair results." (*Modine Manufacturing Co. v. Pollution Control Board* (1976), 40 Ill. App. 3d 498, 502, 351 N.E.2d 875, 879.) Deference must be given to the agency's interpretation of its own rules; the reviewing court will not overrule the agency's construction unless it is unreasonable (*Brown v. Sexner* (1980), 85 Ill. App. 3d 139, 405 N.E.2d 1082) or plainly erroneous. (*Modine.*) In the instant case we do not find the Director's decision that plaintiff's request for review was not filed within an "appropriate" time was plainly erroneous. Nor do we find, in view of the many opportunities for review and the substantial lateness of plaintiff's filing, that the refusal to review the Director's decision was unreasonable. We, therefore, will not disturb the finding of the circuit court.

We do not reach the second issue raised by plaintiff regarding various wrongs which he asserts defendant University committed. Plaintiff appeals from the December 4, 1981, order of the circuit court, and the only question presented here is whether the circuit court erred in affirming the decision of the Merit Board. (See *Department of Mental Health & Developmental Disabilities v. Civil Service Com.* (1981), 85 Ill. 2d 547, 426 N.E.2d 885.) Thus, plaintiff's allegations against defendant University have no bearing on this appeal and, therefore, are not considered.

For the foregoing reasons, the order of the circuit court is affirmed.

Affirmed.

LORENZ and SULLIVAN, JJ., concur.