TERRY M. MASON, Plaintiff-Appellant, *v.* THE BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY *et al.*, Defendants-Appellees.

Fifth District   No. 5—83—0613

Opinion filed July 10, 1984.

Donna H. Kolb, of Carbondale, for appellant.

Shari R. Rhode and Denise E. Gale, both of Office of Legal Counsel, Southern Illinois University, of Carbondale, for appellee Board of Trustees of Southern Illinois University.

Clive Follmer, of Follmer & West, of Champaign, for appellee University Civil Service Merit Board of the State Universities Civil Service System.

JUSTICE KARNS delivered the opinion of the court:

Terry Mason, a civil service employee of Southern Illinois University (SIU), whose working time was reduced, appeals from the judgment of the circuit court of Jackson County, which entered an order striking Mason's second amended complaint and finding that the court did not have subject matter jurisdiction except under the Administrative Review Law (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*).

Mason worked for the university as a routeman whose duties required him to drive motor vehicles, package and deliver materials, and assist in recordkeeping. His position required more skill than that of a driver, whose duties were limited to the physical work of driving and maintaining vehicles and delivery of goods. Mason's employment status with the university changed many times between 1979 and 1983. He was terminated, reduced to half-time, raised to three-quarters time, placed on permanent lay-off status and returned to half-time. He claimed that his work reduction was caused by SIU's improper reassignment of duties and that the University Civil Service Merit Board (Merit Board) tolerated such reassignments in violation of its duty to establish and oversee classification of university employees.

Mason objected to the changes in his employment both informally and formally to his supervisors. In September 1981 Mason filed a grievance alleging that the reassignment of job responsibilities violated his rights under the State's University Civil Service System (Ill. Rev. Stat. 1983, ch. 24½, par. 38b1 *et seq.*). He exhausted the university's grievance procedure, which provided for prompt written decisions and reasons by administrators at various levels. A three-member panel reviewed the grievance, and Mason was entitled to representa-

tion at all stages of the proceedings. After the president of the university and the board of trustees denied further review, Mason prosecuted his grievance to the director of the University Civil Service System. Mason filed his grievance under Rule 13 of the State Universities Civil Service System rather than under the legislative provision mandating a hearing for employees demoted for cause. Ill. Rev. Stat. 1983, ch. 24½, par. 38b14.

Rule 13 provides that upon timely application an employee may have the director review "[a]ny action, or omission, by a designated employer representative ***." The employer must provide a statement of its position and confirm that the employee has exhausted the normal administrative remedies. Under Rule 13 the director and Merit Board have the right to examine the employer's records and to interview the appropriate parties. The employee may request review of the director's decision by the Merit Board, which "shall examine the record" and affirm the director's decision or order further proceedings. The Merit Board must certify its final decision to the director and to the parties. In this case, the director refused to review the university's decision because Mason had not filed his application in a timely manner. He asked the Merit Board to review the director's decision, but they denied further review.

On September 16, 1982, Mason filed suit against Southern Illinois University (SIU) seeking a writ of *mandamus* commanding the university to reinstate Mason in a full-time position and awarding costs. He sought a declaratory judgment that the grievance procedure denied him due process, so that the decisions made during the grievance procedure should be declared null and void. He also sought a declaration that the university's actions violated the State's University Civil Service Act (Ill. Rev. Stat. 1983, ch. 24½, par. 38b *et seq.*). The complaint was dismissed for failure to state a cause of action, as was Mason's amended complaint filed on January 13, 1983. A second amended complaint was filed on April 25, 1983, and joined the University Civil Service Merit Board as a defendant. Counts I, II, III named SIU as defendant; Counts IV and V named the Merit Board as defendant. Count I asked the court to order the university to reinstate him in a position from which he had been removed by the improper reassignment of job responsibilities without approval of the Merit Board. Count II again asked that the court declare the grievance procedure constitutionally invalid. Count III alleged that SIU failed to observe the distinctions between routeman and driver and prayed that Mason be allowed to move from one classification to another to the extent of becoming a driver while retaining the seniority

attained as a routeman. Count IV sought a declaration that the Merit Board had permitted SIU to violate the classification and that Mason should be declared a driver with routeman seniority. Count V asked the court to declare the Merit Board subject to the Illinois Administrative Procedures Act (Ill. Rev. Stat. 1983, ch. 127, par. 1001 *et seq.*), to find Mason's application under Rule 13 was timely filed, and to order the Merit Board to review the grievance.

On July 5, 1983, the trial court found that the second amended complaint failed to state a cause of action under the Administrative Review Law, which controlled judicial review of grievances asserted under the State's University Civil Service System, and failed to provide a clear and concise statement of facts which would support a writ of *mandamus* or declaratory judgment. The court struck the second amended complaint but granted leave to file a third amended complaint within 21 days. The court further ordered that Mason could elect to stand on his second amended complaint, in which event the court would enter judgment for the defendants. After considering Mason's motion to vacate or for judgment filed on July 22, 1983, the court found that Mason had elected to stand on the second amended complaint, which failed to state a cause of action and therefore its order striking the second amended complaint should stand. It entered judgment for the defendants. This appeal followed.

■■ Mason asks us to determine whether the Administrative Review Law is applicable to grievance proceedings under the State's University Civil Service System and whether his second amended complaint states a cause of action for *mandamus* and declaratory judgment. We find that judicial review under the Administrative Review Law of the Merit Board's decision under Rule 13 is Mason's exclusive remedy for the Merit Board's action. Our view of the case makes it unnecessary to determine whether Mason's complaint stated a cause of action for a declaratory judgment or writ of *mandamus* against SIU.

■■ The Administrative Review Law governs every action seeking a judicial review of a final decision of any administrative agency "where the Act creating or conferring power in such agency, by express reference ***" adopts its provisions. (Ill. Rev. Stat. 1983, ch. 110, par. 3–102.) Where it is expressly adopted, the Administrative Review Law is the exclusive method of review. (*People ex rel. Chicago & North Western Ry. Co. v. Hulman* (1964), 31 Ill. 2d 166, 201 N.E.2d 103.) In this case, section 36o of the University Civil Service System Act (Ill. Rev. Stat. 1983, ch. 24½, par. 38b14) expressly adopts the Administrative Review Law.

■ Mason points out that the location of the language adopting the Administrative Review Law is in a section establishing a procedure for dealing with demotions and discharges for cause. He contends that the location of the adopting language shows legislative intent to limit administrative review to decisions arising under that section. While the position of the language adopting the Administrative Review Law may properly be considered (*Foster v. Board of Fire & Police Commissioners* (1980), 81 Ill. App. 3d 48, 400 N.E.2d 1089), it is the meaning of the adopting language which must be decisive. In *Foster*, administrative review was adopted in a section concerning removal and discharge of firemen and policemen and was made applicable to "decisions *** hereunder," that is, to decisions within the scope of that section. (*Foster v. Board of Fire & Police Commissioners* (1980), 81 Ill. App. 3d 48, 50, 400 N.E.2d 1089, 1090.) In the present case, the adopting language appears in a section on demotions and discharges, but it makes administrative review applicable to "all proceedings for the judicial review of final administrative decisions of the Merit Board *hereby created.*" (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 24½, par. 38b14.) The Merit Board was created in a preceding section of the Act. The reference to matters beyond the scope of the section on demotions and discharges extends applicability of administrative review to proceedings other than those established in that section.

■ In *Buchanan v. Lenz* (1983), 115 Ill. App. 3d 722, 450 N.E.2d 1298, the trial court acting under the Administrative Review Law affirmed the Merit Board's refusal to hear a grievance after the director had determined that the application for review under Rule 13 was untimely. On appeal, the reviewing court stated that the Administrative Review Law was applicable to such a refusal to review and that the trial court was vested with the power to affirm or reverse the decision. Confronted with facts closely paralleling those in *Buchanan*, the trial court here correctly determined that it could review the Merit Board's decision only under the Administrative Review Law. Mason's constitutional claims could have been considered during the course of administrative review. (*Sturm v. Block* (1979), 72 Ill. App. 3d 306, 390 N.E.2d 912.) Although Mason argues that there is no record to review, it appears that in pursuing his administrative remedies to the Merit Board, Mason should have amassed a record of his own submissions, as well as the administrative responses, which the court could have reviewed.

Mason's grievance asserted that the university had disregarded the job classifications which the Merit Board had exclusive power to

establish. He sought a determination on this issue from the Merit Board. As we have already decided, review of the Merit Board's action must be under the Administrative Review Law. Mason seeks separate remedies against the university by way of *mandamus* and declaratory judgment on issues related to job classifications. To allow Mason to proceed against the university on a writ of *mandamus* or declaratory judgment before the Merit Board's decision is reviewed would defeat administrative review as an exclusive remedy. A determination of the university's duty and Mason's rights must follow such administrative review. We therefore affirm the trial court's judgment striking the second amended complaint.

For all the foregoing reasons, the judgment of the circuit court of Jackson County is affirmed.

Affirmed.

WELCH, P.J., and KASSERMAN, J., concur.