JUDITH KNORST, Plaintiff-Appellant, v. STATE UNIVERSITIES CIVIL SERVICE SYSTEM *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—99—1295

Opinion filed September 4, 2001.—Rehearing denied October 11, 2001.—Modified opinion filed October 23, 2001.

COUSINS, J., dissenting.

Thomas W. Duda, of Arlington Heights, and Denise M. Mercherson, of Chicago, for appellant.

Baker & McKenzie, of Chicago (Michael A. Pollard, Andrew J. Boling, and Kenneth J. Vanko, of counsel), for appellee Board of Trustees of the University of Illinois.

Lord, Bissell & Brook, of Chicago (Daniel I. Schlessinger, Diane I. Jennings, Camille N. Khodadad, and Hugh S. Balsam, of counsel), for other appellees.

JUSTICE McBRIDE delivered the opinion of the court:

Plaintiff-appellant Judith Knorst appeals from the circuit court's order of March 9, 1999, dismissing her amended complaint for administrative review. Defendants-appellees are: the State Universities Civil Service System; State University Civil Service Merit Board (Merit Board); Walter G. Ingerski, Director; and the University of Illinois/Board of Trustees of the University of Illinois (collectively defendants). Knorst was one of four civil service employees of the University of Illinois at Chicago (UIC), College of Business Administration (College), whose position as program administrative assistant in the College was ultimately abolished by UIC. Knorst requested that the College's elimination of her position be reviewed under section 250.130(a) of the Illinois Administrative Code (80 Ill. Adm. Code § 250.130(a) (1994)). Her request for review was denied, however, on the basis that the request was untimely under the above-referenced code section. Knorst sought review in the trial court, which affirmed defendants' decision and dismissed plaintiff's amended complaint with prejudice. This appeal followed.

Two questions are raised on appeal. First, did the circuit court properly dismiss the amended complaint based on the fact that Knorst's request for review was untimely under section 250.130(a) of the Illinois Administrative Code (80 Ill. Adm. Code § 250.130(a) (1994))? Second, have Knorst's contentions concerning estoppel, equitable tolling, and due process been waived?

As a preliminary matter, the parties are in disagreement

concerning which standard of review is proper in this case. We address this question first. Knorst claims that because the case involves the construction of an Administrative Code provision, our standard of review should be *de novo*. Defendants claim that the circuit court correctly implemented a "plainly erroneous" standard. We view the primary question in this case to be a mixed question of fact and law which requires our implementation of a "clearly erroneous" standard of review. The appropriate standard of review concerning administrative decisions is contingent upon whether the question being reviewed is one of fact, one of law, or a mixed question of fact and law. *City of Belvidere v. Illinois State Labor Relations Board*, 181 Ill. 2d 191, 205, 692 N.E.2d 295 (1998). In the event that the question is one of fact, our supreme court has stated:

> "[O]n administrative review, it is not a court's function to reweigh the evidence or make an independent determination of the facts. Rather, the court's function is to ascertain whether the findings and decision of the agency are against the manifest weight of the evidence. [Citations.] An administrative agency decision is against the manifest weight of the evidence only if the opposite conclusion is clearly evident." *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 88, 606 N.E.2d 1111 (1992).

If the question is one of law, however, this court's standard of review is *de novo*. *Branson v. Department of Revenue*, 168 Ill. 2d 247, 257, 689 N.E.2d 961 (1995). Under the *de novo* standard, little or no deference is afforded the decision maker's ruling. *Branson*, 168 Ill. 2d at 257. For mixed questions of fact and law, the court must apply a "clearly erroneous" standard of review. *City of Belvidere*, 181 Ill. 2d at 205.

> " 'Clearly erroneous' is said to rest somewhere between the 'manifest weight of the evidence,' and *de novo*, requiring us to afford some deference to the agency's experience and expertise. [Citations.] Under this standard, we must accept the administrative agency's findings unless we are firmly convinced the agency has made a mistake. [Citations.]" *Randolph Street Gallery v. Zehnder*, 315 Ill. App. 3d 1060, 1064, 735 N.E.2d 100 (2000).

■ Where a case involves an examination of the legal effect of a given set of facts, a mixed question of fact and law is presented and a clearly erroneous standard is used by the court on review. *City of Belvidere*, 181 Ill. 2d at 205. Because we must interpret the review requirement language in section 250.130(a) within the context of correspondence between Knorst and defendants, a given set of facts, we determine that our standard of review is clearly erroneous. *City of Belvidere*, 181 Ill. 2d at 205. The following facts are relevant to the disposition of this appeal.

Beginning in 1974, Knorst was employed at UIC in a position

designated as a civil service post. On June 24, 1986, she was assigned to the College as a program administrative assistant in the College's undergraduate student affairs office. On January 3, 1994, Knorst left her civil service position to accept a new position within the College as an acting academic advisor/visiting lecturer in the international exchange program office. This new position was scheduled for the period beginning January 1, 1994, through December 31, 1994. The terms of Knorst's new employment were memorialized in a written "offer" from the dean of the College. Under the terms of that offer, Knorst was required to take a one-year leave of absence from her civil service position. In addition, the offer stated that Knorst's program administrative assistant position in the undergraduate student affairs office would remain open for her on a permanent basis until the end of her leave on December 31, 1994. Knorst accepted the offer by written signature on January 3, 1994, establishing an employment agreement. The validity of that agreement is not germane to the questions on appeal.

On October 11, 1994, Knorst received a letter from the dean of the College informing her that, due to "organizational changes" in the College, her position as program administrative assistant in the undergraduate student affairs office was being eliminated effective November 15, 1994. In response, Knorst sent a letter to Walter Ingerski, Director of the civil service system, informing him that her program administrative assistant position was set to be eliminated and also notifying him of the employment agreement she had executed with the dean of the College.

Upon receipt of the letter, Ingerski requested that Robert Todd, associate vice president for administrative and human resources of the University of Illinois, discuss the matter with Knorst and respond back to him. In the interim, Ingerski received another letter from Knorst and three other civil service program administrative assistants dated October 21, 1994. The letter sought inquiry as to what "organizational changes" required the elimination of their positions and to what rights they were entitled under the civil service rules. Ingerski again requested that Todd handle the matter with the employees on November 2, 1994. On November 11, 1994, Todd reported to Ingerski that Knorst was on a leave of absence pursuant to her written contract with the College and that the letter of October 11, 1994, eliminating her program administrative assistant position in the undergraduate student affairs office, had officially been rescinded. This letter further stated to Ingerski that Knorst's position would remain open until January 1, 1995, and that UIC's contractual obligations to Knorst would be met.

Additional correspondence continued between the defendants concerning who would contact Knorst and communicate that her rights would be protected. Furthermore, she was advised that the University was attempting to place her in a new position. Ingerski was also assured by Todd that he would be informed when Knorst's situation had been resolved.

On January 3, 1995, Knorst was sent a second notice that her position as a program administrative assistant in the undergraduate student affairs office would be eliminated as of February 10, 1995. That same day, Knorst wrote a letter to Ingerski reminding him that, under the employment agreement with the dean, her civil service position was to remain open and unoccupied. Correspondence continued between Knorst and the defendants where Knorst warned that her rights were being violated on several grounds. Todd assured Ingerski that "Knorst's rights will be protected" on January 20, 1995. On February 3, 1995, Todd further ensured Knorst that personnel officers were arranging interviews for "employee's [sic] in [Knorst's] classification who [had] received notices regarding position elimination" and that she would soon be contacted. Knorst retained counsel.

On February 20, 1995, Knorst's counsel advised Ingerski that he considered the past correspondence from Knorst a "request for review" under section 250.130(a) of the Illinois Administrative Code. He further advised Ingerski that his letter was to be considered a formal request for review. On February 23, 1995, Ingerski responded to Knorst's counsel that the request for review had been rejected as untimely. The College eliminated Knorst's position and she was to report to a different position in the college of associated health professions by April 10, 1995.

Knorst sought review in the trial court requesting that the matter be remanded for a hearing in front of the Merit Board concerning the abolition of her post in the undergraduate student affairs office. Her amended complaint also sought an order of *mandamus* compelling defendants to investigate the elimination of Knorst's position. On March 9, 1999, the trial court dismissed Knorst's amended complaint on the basis that her request for review was untimely under section 250.130(a) of the Illinois Administrative Code. 80 Ill. Adm. Code § 250.130(a) (1994).

■■ The first question we address is whether the circuit court properly dismissed the amended complaint based on the fact that Knorst's request for review was untimely under section 250.130(a) of the Illinois Administrative Code. Section 250.130(a) states the following:

"Section 250.130 Review Procedures

a) Review by Director of Action, or Omission, of Designated employer representative shall be the basis for a review decision by

the Director, upon a timely filed written request by an applicant, a candidate, or an employee. The request shall be deemed to be timely filed within 15 calendar days following the action or omission of the action, by the employer, or within 15 calendar days after the employee receives a response from the employer containing the final institutional administrative decision, or as otherwise may be deemed appropriate by the Director under the circumstances." 80 Ill. Adm. Code § 250.130(a) (1994).

In regard to interpreting a statute, the supreme court has stated:

"The primary rule of statutory construction is to give effect to the legislative intent by first looking at the plain meaning of the language. 'Where the language of a statute is clear and unambiguous, a court must give it effect as written, without "reading into it exceptions, limitations or conditions that the legislature did not express." ' [Citations.] Courts will first look to the words of the statute, for the language used by the legislature is the best indication of legislative intent. [Citation.] When the language of the statute is clear, no resort is necessary to other tools of interpretation. [Citation.]" *Davis v. Toshiba Machine Co., America*, 186 Ill. 2d 181, 184-85, 710 N.E.2d 399 (1999).

Under the plain meaning of section 250.130(a), Knorst could have satisfied the suggested time for filing a review by one of three methods: (1) filing the request within 15 calendar days following the action by the employer; (2) filing the request within 15 days after she received a response from the employer containing the final institutional administrative decision; or (3) obtaining the Director's approval that the timeliness of the request was appropriate under the circumstances. 80 Ill. Adm. Code § 250.130(a) (1994).

The record reveals that Knorst never received "a response" from the College containing a final institutional administrative decision. Further, the Director never deemed the timeliness of Knorst's request for review as appropriate under the circumstances. Thus, our determination of whether the request was timely hinges upon whether it was filed within 15 calendar days following the action taken by the College.

In their briefs, the parties place great emphasis upon which date the action occurred. Knorst apparently asserts that the action occurred when her position was actually eliminated on February 10, 1995. We say apparently because Knorst states in her brief that the day the position was actually eliminated was February 20, 1995. The record reveals, however, that the position was set to be eliminated on February 10, 1995, and that Knorst's counsel formally requested review of that decision via written correspondence on February 20, 1995. Regardless of this disparity, Knorst contends that she filed

within the 15 days required under section 250.130(a) by the above-referenced written correspondence on February 20, 1995.

The defendants note that, in the agency's view, the action occurred on October 11, 1994, when Knorst and the other civil servants were first notified that their positions would be eliminated. We are not persuaded by this position. Todd's letter of November 11, 1994, expressly indicated that UIC rescinded the October 11, 1994, letter to Knorst. Thus, defendants cannot assert that the action occurred first on October 11, 1994, when that letter was rescinded in favor of honoring Knorst's employment agreement with the dean of the College.

In the alternative, defendants argue that, at the latest, the action occurred on January 3, 1995, the date Knorst was notified a second time that her position would be eliminated. Defendants claim that Knorst failed to request review by January 18, 1995, which was the deadline for compliance with the 15-day suggested time for filing established in section 250.130(a). 80 Ill. Adm. Code § 250.130(a) (1994). The trial court held that January 3, 1995, was the date of the action which served as the basis for dismissal.

Knorst argues that under general rules of statutory construction the "action" of the employer is not the service of notice of the action but the action itself. She states that section 250.130(a) does not define the action as occurring when an employee is notified of the conduct to be taken by the employer. Rather, the plain words "action or omission of the action" in section 250.130(a) suggest that the action occurs when it actually happens, according to Knorst. 80 Ill. Adm. Code § 250.130(a) (1994). In the instant case, therefore, Knorst contends that the action occurred on February 10, 1995, the date when Knorst's public administrative assistant position was officially eliminated. Under this construction, Knorst claims to have complied with section 250.130(a) as she filed her formal request for review on February 20, 1995.

We do not agree with Knorst that the action occurs when the position was eliminated under section 250.130(a). Such a construction disregards the plain meaning of 250.130(a) and would frustrate its obvious purpose. Knorst does not account for the second part of section 250.130(a), which states the following:

"The employer, within 10 days after notice by the Director of the filing of a request for review, shall present a statement of the employer's position and a confirmation that the employee has exhausted his normal administrative remedies with his employer. Within 30 days following the receipt of the employer's confirmation

of the exhaustion of remedies with the employer, the Director shall render his Review Decision. The Director and Merit Board staff shall have the right to examine all pertinent records of the employer and the right of direct personal interview and inquiry with appropriate parties." 80 Ill. Adm. Code § 250.130(a) (1994).

The supreme court has held "[a] statute should be evaluated as a whole; each provision should be construed in connection with every other section." *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 91, 606 N.E.2d 1111 (1992). In the instant case, the second part of section 250.130(a) identifies a procedure whereby the employer is charged with stating its position and with confirming that the employee has exhausted all of her administrative remedies. Within 30 days, a review decision is rendered by the director, who has the opportunity to make inquiry, to investigate the matter, and to interview the appropriate parties.

As the trial court properly noted, the purpose of the statute is to allow the agency to examine the action taken by the employer prior to the elimination of the position. Further, in the event the position was eliminated prior to the petition for review, the former employee is put in the "unenviable position" of requesting the former employer to reverse the effectiveness of a decision that has already been made. We agree with the circuit court that the intent of section 250.130(a) is to request review of the action taken by the employer prior to the position's elimination. Thus, we determine that the action sought to be reviewed occurred on January 3, 1995.

In further support of her position, Knorst cites *Buchanan v. Lenz*, 115 Ill. App. 3d 722, 450 N.E.2d 1298 (1983), and *Mason v. Board of Trustees of Southern Illinois University*, 125 Ill. App. 3d 614, 466 N.E.2d 365 (1984). However, neither of these decisions specifically addresses the first issue in this case. While *Lenz* involved the same code section applicable here, the court never addressed the question of when the action sought to be reviewed took place, because it was undisputed that the request for review occurred at least five months and as many as 17 months after the final action. Accordingly, the court held that, "under any set of facts," the plaintiff's request occurred substantially beyond the suggested time for filing a request for review. *Lenz*, 115 Ill. App. 3d at 728. In *Mason*, the court affirmed the decision in *Lenz* based on its finding that the Administrative Review Law was applicable to a refusal to hear a grievance by the merit board. *Mason* did not address the issue of when an action occurs. *Mason*, 125 Ill. App. 3d at 618. Thus, we do not find these cases persuasive on the question of when an action occurs under section 250.130(a), which is the first issue involved on appeal.

In conjunction with the first question, Knorst raises several additional arguments that we now address. First, Knorst claims that requiring a civil service employee to promptly request review under section 250.130(a) discourages "informal correspondence" as a method for resolving an action taken by the employer that adversely effects the employee. In this case, Knorst contends that such "informal correspondence" proved effective in regard to the first notice that her position was to be eliminated on October 11, 1994. Through informal correspondence, Knorst asserts that she was able to effect a change of the College's decision where the October 11, 1994, notice was rescinded and her position in the undergraduate student affairs office was preserved. Thus, Knorst claims that a requirement for a formal request for review upon her receipt of the October 11, 1994, letter would have "frustrated the informal resolution" process. We do not agree.

Beyond her construction of section 250.130(a), Knorst cites no authority establishing the existence of an informal resolution process. The recognition of such a procedure does not give effect to the plain meaning of section 250.130(a), which suggests that a request for review be made within 15 calendar days of an action taken by the employer. It is clear that Knorst could have requested a review concerning the notice she received on October 11, 1994, and then relied on her employment agreement with the dean of the College to defend her position. In other words, she could have acted in conformity with section 250.130(a) and achieved the same result that was accomplished through her "informal correspondence." We find that Knorst failed to make her request within 15 calendar days of January 3, 1995, in accordance with section 250.130(a).

Second, Knorst cites section 36o of the State Universities Civil Service Act as evidence that if the legislature had intended the action in section 250.130(a) to be determined by the date of service on or notice to the employee it would have expressly done so. 110 ILCS 70/36o (West 1994). In section 36o, which addresses the demotion and discharge of civil service employees, a request for review must be made 15 days after the serving of written charges made against an employee. 110 ILCS 70/36o (West 1994). We find that section 36o is not pertinent to the question on appeal. As defendants correctly point out, section 36o was a statute enacted by the General Assembly of the Illinois legislature, while section 250.130(a) is a regulation which has been adopted by an administrative agency. Thus, the fact that section 36o requires a request for review within 15 days after service of written charges is not relevant to an analysis of the language in section 250.130(a). 80 Ill. Adm. Code § 250.130(a) (1994).

Third, Knorst claims that, while this case is not an employment discrimination action, this court can examine federal statutes in the area of employment discrimination law. While we acknowledge that this court can examine any federal statute, we fail to find the significance of any federal case or statute to the issue on appeal. The question to be decided involves the construction of section 250.130(a), a state law which we find to be clear and unambiguous. As stated above, the plain meaning of the statute suggests that a request for review be filed within 15 calendar days of an action taken by the employer. The record reveals that Knorst's only request for review occurred on February 20, 1995. A request by such date exceeded the 15-day period which began to run on January 3, 1995.

Fourth, Knorst also claims that Ingerski, in his letter dated January 17, 1995, which requested that she be advised of her rights under the civil service rules, could not have anticipated the trial court's interpretation of section 250.130(a). Such interpretation, according to Knorst, effectively extinguished her right to request a review on January 18, 1995, the day after she received Ingerski's letter ensuring that she would be advised of her rights under the civil service rules. As recognized above, the plain language of the statute suggests that a request for review be made 15 days from the action taken by the employer. Knorst was charged with following this provision. Ingerski's letter of January 17, 1995, regardless of its content, did not absolve Knorst's responsibility to request a review within the suggested 15-day time period under section 250.130(a). Further, Knorst cites no authority for the proposition that she was entitled to timely notification of her rights under the civil service rules.

Knorst's final argument concerning the first issue is that the circuit court's decision which determined Knorst's request for review was untimely does not account for the Director's discretionary power under section 250.130(a). Knorst relies on the language in section 250.130(a) which states, "[t]he request shall be deemed to be timely filed *** as *** may be deemed appropriate by the director under the circumstances." 80 Ill. Adm. Code § 250.130(a) (1994).

We agree with Knorst that section 250.130(a) affords the Director discretion to declare that a request has been timely filed under circumstances that are deemed by him to be appropriate. In fact, *Lenz*, relied on by Knorst, supports such a construction. In *Lenz*, the court stated that the 15-day time period expressed in Rule 13, now section 250.130(a), is not mandatory but discretionary, "the language of the rule itself so states." *Lenz*, 115 Ill. App. 3d at 727. We agree with the interpretation of the above language in *Lenz* and further recognize that the language *requires* the Director to deem a request for review

as timely if it is filed within 15 calendar days following the action. 80 Ill. Adm. Code § 250.130(a) (1994). In our view, therefore, the only mandatory language in section 250.130 (a) is that the Director must honor a petitioner's request for review if filed within 15 calendar days of the action.

It is expressly written in section 250.130(a) that the Director can exercise discretion in declaring a request for review as timely under appropriate circumstances. 80 Ill. Adm. Code § 250.130(a) (1994). However, the Director chose not to do so in this case. Rather, Ingerski declared Knorst's request for review was untimely in his letter of February 23, 1995. Specifically, Ingerski's letter stated "that [the] action occurred in October of 1994" and "it is my opinion that your request is not timely filed and any further review under Civil Service Rule 250.130(a) would not be proper." In our view, such a finding by Ingerski was clearly erroneous and warrants reversal because the termination action taken on October 11, 1994, was rescinded by Todd's letter dated November 11, 1994. As noted above, we conclude that the action in the instant case occurred on January 3, 1995, when Knorst was notified a second time that her program administrative assistant position in the College was set to be eliminated.

■ Under our standard of review, the function of this court is to review the findings and conclusions of the administrative agency. *Hamwi v. Zollar*, 299 Ill. App. 3d 1088, 1092, 702 N.E.2d 593 (1998). Further, under a clearly erroneous standard, applicable to the first question, we must accept the administrative agency's findings unless we are firmly convinced that the agency has made a mistake. *Randolph Street Gallery v. Zehnder*, 315 Ill. App. 3d at 1064. Upon reviewing the correspondence in the record, we are firmly convinced that Ingerski's declaration that Knorst's request for review was untimely based on an action that occurred in October of 1994 was clearly erroneous.

As indicated in our discussion above, we agree with the trial court that the action in this case occurred on January 3, 1995. We reject defendants' assertion that the 15-day limitations period began to run in October of 1994. In our view, no action was taken by defendants in October of 1994, because Knorst received a letter from Robert Todd on November 11, 1994, indicating that the letter of October 11, 1994, was rescinded. Further, defendants acted in November 1994 by assuring Knorst that the letter of October 11, 1994, had been rescinded and that her position was secure until she returned from her leave of absence on January 1, 1995.

Additionally, Ingerski sent correspondence to Knorst on January 17, 1995, informing her that she would be advised of her rights and of

her employment status. Specifically, the letter stated, "I am requesting that you be advised of your rights in accordance with the Civil Service Rules and your employment status." On the same day, Ingerski sent a letter to Robert Todd requesting, "[w]ill you please have someone at the University of Illinois at Chicago confer with Ms. Knorst and advise this employee?" In response, Robert Todd sent a letter to Ingerski on January 20, 1995, stating, "[b]e assured that Ms. Knorst will be immediately contacted for a conference, and that her rights will be protected." Ultimately, however, Ingerski, in his letter to Knorst's counsel dated February 23, 1995, stated, in pertinent part:

> "Embodied in your first paragraph, you request that I consider the correspondence dated October 21, 1994 from *** Judith Knorst as a 'Request for Review ***' pursuant to section 250.130(a). Nowhere in [her] correspondence of October 21, 1994, [does she] request a review in accordance with Civil Service Rule 250.130(a). Therefore, I am bound by Civil Service Rule 250.130(a) ***.
>
> * * *
>
> Therefore, the only request for review in accordance with Civil Service Rule 250.130(a) concerning *** Judith Knorst that has been received in this office is your request of February 20, 1995.
>
> * * *
>
> Since Judith Knorst *** [has stated] in [her] correspondence of October 21, 1994 that action occurred in October of 1994, it is my opinion that your request [for review] is not timely filed and any further review under Civil Service Rule 250.130(a) would not be proper."

In our view, the tone of defendants' correspondence, prior to Ingerski's letter of February 25, 1995, arguably suggests that Knorst's position might not be terminated as the earlier January 3, 1995, letter indicated. Defendants also represented that Knorst's rights would be protected while they subsequently barred her opportunity for review under the 15-day limitations period imposed under section 250.130(a). Thus, we determine that, based on the content of defendants' correspondence to Knorst, the Director should have exercised his discretion and allowed Knorst's formal request for review. As noted above, we also conclude that the Director's rejection of Knorst's request for review as untimely based on the fact that the action occurred in October of 1994 was clearly erroneous.

Moreover, the Director apparently believed that he had no discretion to deem Knorst's February 20, 1995, request for review as timely regardless of the fact that the action of eliminating Knorst's position was taken by defendants on January 3, 1995. The letter from Knorst's counsel to the Director dated February 20, 1995, states, in pertinent part:

"I am aware that you have received correspondence from these ladies in the past. Please consider that correspondence a 'Request for Review' *** pursuant to section 250.130(a) of the Rules ***. Please consider this [letter] a formal protest and formal request for review subject to appeal by the Merit Board.

In the alternative, please consider this a request for hearing before the Merit board on the basis that the *** abolition of the Program Administrative Assistant position is a subterfuge for the discharge and/or demotion of each of these employees. Therefore, on behalf of each of these employees under this latter theory I would request a formal hearing before the Merit Board."

Based on the language in the letter, we cannot determine to which "correspondence from these ladies in the past" Knorst's counsel is referring. The Director elected to limit the February 20, 1995, request for review to an action taken in October of 1994. As discussed above, the record reveals that Knorst did send a letter in conjunction with other civil service employees on October 21, 1994, noting that their positions had been eliminated. With respect to Knorst, however, the letter sent on October 21, 1994, could not have been an action taken by defendants. Such action by defendants in October 1994 would have been an impossibility because defendants rescinded the original elimination of Knorst's position. As a result, the Director's decision to deem the action as occurring in October 1994 was clearly erroneous and the only remaining date on which an action could have occurred was January 3, 1995. We further note that counsel's letter of February 20, 1995, certainly qualifies as a formal request for review of the action taken on January 3, 1995. A review of the letter establishes counsel's attempt to file a formal request for review as suggested by section 250.130(a).

We further emphasize that the plain language of section 250.130(a) affords the Director discretion to deem a request for review as timely under appropriate circumstances. Because defendants rescinded the original elimination of Knorst's position on November 11, 1994, as noted above, the only action taken by defendants could have occurred on January 3, 1995. In our view, under the language of section 250.130(a), Ingerski abused his discretion by not considering Knorst's formal request for review on February 20, 1995, as timely.

We also find the *Lenz* case to be instructive on the question of the Director's discretion. There, although finding that the request for review was untimely if it was considered to be filed 5 months or as many as 17 months after the prescribed time, the reviewing court indicated that the "Director did not have before him a mere technical failure to meet a filing date or an insignificant delinquency." *Lenz*, 115 Ill. App. 3d at 727.

In addition, the *Lenz* court was mindful of the fact that the Director had actually reviewed the action complained of three times before the plaintiff's late request for review. In the instant case, under *Lenz*, the February 20, 1995, request for review of the January 3, 1995, action could easily be considered a "mere technical failure" or an "insignificant delinquency," and Knorst's technically untimely request for review was denied.

The *Lenz* court also pointed out that the plaintiff had "made no showing that he was unable to act within the time limit and, moreover, offers no reason why the Director should have disregarded the *suggested* time for filing in favor of plaintiff who filed his request at least five months and as many as 17 months after the prescribed time." (Emphasis added.) *Lenz*, 115 Ill. App. 3d at 728. Here, Knorst has given several reasons why the Director should have disregarded the "suggested time" for filing.

Under these circumstances, we find that Knorst should have been allowed to file her request for a formal review of the January 3, 1995, action via her counsel's letter dated February 20, 1995. Such circumstances warrant a discretionary extension of the review deadline by the Director where representations were made by the defendants that Knorst's rights would be protected and that her employment status was open to discussion as opposed to being at an end. Accordingly, we remand the case to the Merit Board for the purpose of reviewing the abolition of Knorst's position as a program administrative assistant in the College. Because we have found an abuse of discretion and remanded the matter for review on that ground, we need not address the waiver question raised in regard to equitable estoppel, equitable tolling, and due process.

For the reasons set forth above, the decision of the circuit court is reversed and the cause remanded to the Merit Board for review.

Reversed and remanded.

CAHILL, P.J., concurs.

JUSTICE COUSINS, dissenting:

In this appeal, the majority decision provides in pertinent part: "we remand the case to the Merit Board for the purpose of conducting a hearing on the abolition of Knorst's position as a program administrative assistant in the College." 325 Ill. App. 3d at 872. However, the majority's decision is not supported by the factual background and applicable statutes in this case.

Therefore, I dissent.

Plaintiff was formerly employed as a program administrative assistant (PAA) in the College of Business Administration at the Circle campus of the University of Illinois, a civil service position. Sometime before October 11, 1994, the College of Business Administration decided to eliminate PAA positions.

On October 11, 1994, plaintiff and three other PAAs employed by the College of Business Administration at the University of Illinois's Circle campus were notified that their positions would be eliminated effective November 15, 1994. In October of 1994, plaintiff sent two letters to Walter Ingerski, the Director of the State Universities Civil Service System. The first, dated October 20, 1994, and signed by plaintiff alone, informed Ingerski in pertinent part:

"She had a special agreement with the Dean of the School of Business Administration which promised that, although plaintiff was on a one-year leave of absence, her civil service position would 'remain open *** on a permanent basis until the end of your leave, December 31, 1994.'"

The following day (October 21, 1994), plaintiff and three other civil service employees whose positions had been eliminated sent another letter to Ingerski. Ingerski forwarded the letters he had received to Robert Todd, the designated employer representative at the University of Illinois, and asked that Todd discuss the issues raised with the affected employees.

With respect to plaintiff's individual letter, Todd reported back to Ingerski on November 11, 1994, that, because of the separate agreement to hold plaintiff's position open until December 31, 1994, the letter informing her that the position would be eliminated as of November 15, 1994, was rescinded.

Plaintiff returned from her leave of absence on January 3, 1995. On the same day, she was notified that, due to the organizational changes in the College of Business Administration, her PAA position would be eliminated effective February 10, 1995. That same day, plaintiff wrote to Ingerski. Plaintiff wrote to Ingerski again on January 13, 1995. On January 17, 1995, Ingerski informed plaintiff that he had forwarded her letter to Todd and asked him to advise her of her rights "in accordance with the Civil Service Rules and your employment status."

Todd responded directly to plaintiff and informed her that efforts were being made to place her in a new position and that, because of her senior status as a civil service employee, her pay would continue in the interim. On March 30, 1995, plaintiff was notified that she had been assigned to a PAA position in the College of Associated Health Profession, effective April 10, 1995. The record does not reflect whether plaintiff accepted that position or not.

In a letter dated February 20, 1995, plaintiff's attorney wrote to Ingerski stating that he represented both plaintiff and another of the affected employees, Loretta Harris. Counsel asked that the previous correspondence sent by plaintiff and Ms. Harris about the elimination of PAA positions be considered "a formal request for review subject to appeal by the Merit Board." Counsel further asked, in the alternative, that his February 20, 1995, letter be considered "a request for hearing before the Merit Board on the basis that the fraudulent abolition of the Program Administration Assistant position is a subterfuge for discharge and/or demotion of each of these employees."

Ingerski rejected that request on February 23, 1995, on the ground that the October 1994 letter sent on behalf of both plaintiff and Ms. Harris did not ask the Civil Service System to review the university's decision. Further, treating counsel's February 20, 1995, letter as the first request for review of the university's October 1994 decision, Ingerski denied it as untimely because the request came more than 15 days after the decision in question was made.

On March 29, 1995, plaintiff and Ms. Harris filed this action seeking review of the administrative ruling that their request for review was untimely. Initially, plaintiff's attorney claimed that plaintiff's January 3, 1995, letter to Ingerski was a timely request for review. Counsel claimed in the alternative that his February 20, 1995, letter was timely as to plaintiff because it was sent within 15 days of "the effective date of the elimination." The January 3, 1995, notice provided that February 10, 1995, was the effective date of the elimination.

On November 17, 1998, plaintiff filed a brief in support of her complaint for administrative review and abandoned the contention that her January 3, 1995, letter was a request for review. Plaintiff asked the court to find either:

> "1. that the October, 1994 letters protesting the decision to abolish the PAA positions constituted a timely request for review with respect to each of the affected employees; or
>
> 2. that her attorney's letter of February 20, 1995 constituted a timely request for review as to plaintiff because it was filed within 15 days of the effective date of the University's decision (*i.e.* February 10, 1995)."

In response, defendants argued that the first and only request for review ever made was on February 20, 1995, and it was untimely as to all of the employees because it sought review of the university's October 1994 decision to eliminate PAA positions. Defendants argued in the alternative that, as to plaintiff, the latest that the 15-day time period for seeking review could have commenced was January 3, 1995, when she was advised that the PAA position she had just returned to

was being eliminated in accordance with the previously announced organizational changes. Her February 20, 1995, request for review was therefore untimely.

The circuit court decided that January 3, 1995, was the date that began the 15-day time limit for plaintiff to seek review. The circuit court affirmed Ingerski's finding that the request for review was untimely and dismissed plaintiff's complaint with prejudice.

In its opinion, the majority emphasizes the letter written by Ingerski to Knorst's counsel dated February 23, 1995.

In my view, the majority's conclusion that "the *tone* of defendants' correspondence, prior to Ingerski's letter of February 25, 1995, *arguably* suggests that Knorst's position might not be terminated as the earlier January 3, 1995, letter indicated" is argument and not evidential. (Emphasis added.) 325 Ill. App. 3d at 870. The majority also concludes: "[T]he Director should have exercised his discretion and allowed Knorst's formal request for review." 325 Ill. App. 3d at 870. However, the record does not support this conclusion.

Also, while the majority emphasizes that the Director erroneously rejected Knorst's request for review as untimely based on the October 1994 letter that was sent on behalf of both plaintiff and Ms. Harris, the majority ignores the request and alternate request plaintiff's attorney made in his February 20, 1995 letter. In his letter dated February 23, 1995, Ingerski was responding to the February 20, 1995 letter from plaintiff's attorney.

Finally, the majority writes:

> "Under these circumstances, we find that Knorst should have been allowed to file her request for a formal review of the January 3, 1995, action via her counsel's letter dated February 20, 1995. Such circumstances warrant a discretionary extension of the review deadline by the Director where representations were made by the defendants that Knorst's rights would be protected and that her employment status was open to discussion as opposed to being at an end. Accordingly, we remand the case to the Merit Board for the purpose of conducting a hearing on the abolition of Knorst's position as a program administrative assistant in the College." 325 Ill. App. 3d at 872.

In support of this holding, the majority cites *Buchanan v. Lenz*, 115 Ill. App. 3d 722, 450 N.E.2d 1298 (1983). However, as recognized by the majority, the facts in *Lenz* are dissimilar. Also, in addition to the facts being dissimilar, *Lenz* finds no abuse of discretion. *Lenz*, 115 Ill. App. 3d at 728. Therefore, the *Lenz* decision is also dissimilar. The decision that the majority has reached in this appeal is unprecedented.

Perforce, I dissent.